# Kumpe, Judge &c. *v.* Irwin.

*Petition for Writ of Prohibition.*

1.  *Constitutional law; when proof of notice by introduction of local law insufficient.*—An affidavit submitted with a local act to show a compliance with section 106 of the Constitution of 1901, as to the required notice being given, which was made by the editor and publisher of a newspaper published in the county to which said local act refers, and which simply recites that the notice attached to said affidavit "has been published once a week," and fails to show that it was published in a newspaper published in said county, and that it was published "once a week for four consecutive weeks," in such newspaper, is not a sufficient compliance with the mandatory

[Kempe, Judge, etc. v. Irwin.]

provisions of said section of the Constitution, and such affidavit being the only proof submitted with the act, as affirmatively appears from the Journals of the two houses of the legislature, such act is unconstitutional and void.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. OSCEOLA KYLE.

The appellee in this case, J. M. Irwin, filed a petition, addressed to the Judge of the Eighth Judicial Circuit, in which he averred that he was the duly constituted, qualified and acting solicitor for the county of Lawrence, and as such was charged with the duty of prosecuting criminal cases in the county court of Lawrence, as provided by an act of the Legislature, approved February 10, 1899, entitled "An act to amend an act entitled an act to regulate the trial of misdemeanors in Lawrence county, approved February 6, 1891," (Local Acts of 1898-99, p. 836); that on January 22, 1904, a large number of criminal cases were pending on the docket of the county court of Lawrence county upon indictments for misdemeanors preferred by the grand jury, and which said indictments had been duly transferred from the circuit court to the county court as provided by said act of the legislature approved February 10, 1899; that on said January 22, 1904, the Hon. J. C. Kumpe, as judge of probate of the county of Lawrence and *ex officio* judge of the county court, entered an order upon the minutes of the county court directing that all the cases pending on the docket of the said county court under indictments should be transferred to the circuit court of Lawrence county; that the petitioner objected to the making of said order, but his objections thereto were overruled by the judge of the county court; that in making said order for the transfer of said cases, the judge of said county court claimed to be acting in obedience to the provisions of the act of the legislature of Alabama, approved October 6, 1903, purporting to repeal the act approved February 10, 1899, and the act of which it was amendatory, and that unless prevented, the judge of said court will, in pursuance of said order of transfer, send the indictments of misdemeanors pending in said court, to the circuit court, there to be tried and disposed of. It was then

averred in the petition that the act of October 6, 1903, was unconstitutional and void, in that it was not passed in accordance with section 106 of the Constitution of 1901; notice and proof of said law not having been made as required by said section of the constitution.

The prayer of the petition was that a rule *nisi* issue, directed to the said J. C. Kumpe, as judge of said county court, to show cause why a writ of prohibition or other remedial writ should not issue prohibiting him as such judge from transferring said misdemeanor cases from the said county court to the circuit court of Lawrence.

Certified copies of the act of the legislature approved October 6, 1903, and certified copies of the entries on the journals of the two houses relative to the passage of said act, were made an exhibit to the petition.

Upon the submission of this petition to the judge of the circuit court, the judge rendered judgment ordering the issuance of the rule *nisi* as prayed for. From this judgment the respondent appeals, and assigns the rendition thereof as error.

G. O. CHENAULT, for appellant.

W. L. MARTIN, *contra.*—It is of the utmost importance that the notice should be published in the locality (the county) to be affected by the proposed law. And that it was published for the length of time required by law. As to the latter proposition see *Hill v. Faison,* 27 Tex. 428; *Havens v. Sherman,* 42 Barbour (N. Y.) 636; *Pratt v. Tinkcom,* 21 Minn. 142.

And proof failing to show *when* the notice was published would be insufficient, even if otherwise sufficient. *King v. Harrington,* 14 Mich. 532.

HARALSON, J.—This case involves the validity of an act of the last legislature, repealing a former act regulating the trial of misdemeanors in Lawrence county.

There is no dispute that the act, the validity of which is called in question, is a local law. Section 106 of the Constitution provides, that "No special, private or local law shall be passed on any subject not enu-

merated in section 104 of the constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall be published, without cost to the State, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties,   *   *   *   prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the Legislature, and said proof spread upon the Journal. The courts shall pronounce void any special, private or local law which the Journals did not affirmatively show was passed in accordance with the provisions of this section."

Section 107 provides: "The Legislature shall not, by special, private or local law, repeal or modify any special, private or local law except upon notice being given and shown as provided in the last preceding section."

A notice by W. T. Lowe of his intention to apply for a law by the legislature, to repeal the act referred to in the title of the repealing act in question, appears in the transcript. But, the requisite proof of this notice was not made. The proof submitted with the act to show a compliance with the constitutional requirement, was an affidavit by Jourd White as follows: "The State of Alabama, Lawrence county.  Before me, R. Lowe, a notary public in and for said county, personally appeared Jourd White, who, after being duly sworn, says he is the editor and publisher of the Moulton Advertiser, a newspaper published at Moulton, in Lawrence county, Alabama, and that the notice herewith attached has been published once a week.  This August 29, 1903.  (Signed) Jourd White.  R. Lowe, Notary Public."

We do not consider whether the notice was sufficient, if properly proved.

It will be observed, that this affidavit stated no more than that Mr. White was editor and publisher of the Moulton Advertiser, a newspaper published in Lawrence county, and that the notice referred to has been pub-

lished once a week. It fails to show that the notice was published in the Moulton Advertiser, a newspaper published in Lawrence county, or that it was published "once a week for four consecutive weeks" in any paper. It shows no sufficient compliance with the mandatory provision of the constitution. The Journals do not affirmatively show that the act was passed in accordance with the provisions of said section, in which case, the courts are required, without any discretion, to pronounce the act to be void.

Affirmed.