# State *ex rel.* Attorney General *v.* Speake.

## *Petition for Mandamus.*

[Decided April 13, 1905.]

1. *Constitutional Law; When Published Notice Not Sufficient to Give Validity to Act of Legislature.*—A notice published that a bill would be introduced in the Legislature for the purpose

of repealing a former act of the legislature providing for the trial of misdemeanors in Morgan county, and to provide for the transfer to the law and equity court of Morgan county of all causes and all papers and books relating thereto, remaining undetermined on the docket of said county court of Morgan county, is not such a notice as complies with section 106 of the Constitution so as to give validity to an act of the legislature which seeks to repeal the former act to regulate the trial of misdemeanors in Morgan county, and then provides for the transfer to the circuit court of Morgan county of all causes, papers and books relating thereto remaining undetermined on the docket of said county court of Morgan county.

Original petition in Supreme Court.

The petition in this case was filed originally in the Supreme Court by the State of Alabama on the relation of the Attorney-General, asking for the issuance of a mandamus directed to the Hon. D. W. Speaks, Judge of the Eighth Judicial Circuit of Alabama. The purpose of the mandamus and the facts of the case are set forth at length in the opinion.

MASSEY WILSON, Attorney-General, and L. B. TROUP, for petitioner.

No counsel marked as appearing for respondent.

DENSON, J.—This is a petition for a mandamus to issue to the Hon. D. W. Speake, as Judge of the 8th judicial circuit to require him to enter on the minutes of the circuit court of Morgan county an order requiring the clerk of said court to deliver to the judge of the county court of said county all indictments presented or filed in the circuit court against persons charged with misdemeanors in Morgan county.

The relator rests the right to have the mandamus awarded upon an Act of the General Assembly entitled "An Act to regulate the trial of misdemeanors in Morgan county." This Act was approved February 23rd, 1899, and is found in the Local Acts session 1898-99 p. 1502. The act provides in its first section, that the county court of Morgan county shall have concurrent jurisdiction

with the circuit court of said county *"for"* the trial of all misdemeanors committed in said county.

Section 2 of the act provides, that the clerk of the circuit court shall immediately after the passage of the act enter on a book or docket to be kept for that purpose in the county court of said county, all cases of defendants charged with the commission of misdemeanors which are pending in the circuit court of said county, and said county court shall have exclusive jurisdiction of said cases so transferred, and of all papers, bonds and writs of every description in anywise connected with or relating to said cases.

Section 3 of the act provides that, at each and every succeeding term of the circuit court, held after the passage of the act, for the county of Morgan, the presiding judge thereof shall enter on the minutes of said circuit court on the day of adjournment an order requiring the clerk of the circuit court to deliver to the judge of the county court of said county all indictments presented or filed in the circuit court against persons charged with the commission of misdemeanors , and after the making of such order, the jurisdiction to try such causes shall vest in the county court.

The record shows that L. P. Troup as county solicitor of Morgan county on the 2nd day of January, 1905, during the regular term of the circuit court held for Morgan county, made a motion praying the Hon. D. W. Speake the presiding judge to cause to be entered on the minutes of said court an order as required by section 3 of the act above set out.

It is further shown that on the day the court finally adjourned, to wit, February 3rd, 1905, the said motion was by the court overruled and dismissed.

Judge Speake has appeared, waived the rule *ni si* and filed his answer. He predicates his refusal to make the order prayed for, upon the ground that the act of February 23rd, 1899, was repealed by an act of the legisllature approved September the 14th, 1903, which repealing act is found at page 239 of the Local Acts of the legislature session 1903.

The relator challenges the validity of the act of September the 14th, 1903, and insists that it offends sections

45, 61, 106 and 107 of the Constitution, and that therefore the legislative effort to repeal the act of February 23rd, 1899, was futile.

The act of September 14th, 1903, is designated in the Journals of the Legislature as House Bill 449, and as it appears on page 239 of the Local Acts 1903, is entitled, "An act to repeal an act entitled an act to regulate the trial of misdemeanors in Morgan county, approved on the 23rd day of February, 1899, and to provide for the transfer to the circuit court of Morgan county of all causes and all papers and books relating thereto, now remaining undetermined on the docket of said county court of oMrgan county, wherein indictments have been preferred by the grand jury in said county."

House Bill No. 449 was introduced in the House of Representatives by Mr. Callahan on the 9th day of February, 1903, see House Journal, p. 445, and as introduced its title was as follows, to wit: "H. B. 449. To repeal an act entitled an act to regulate the trial of misdemeanors in Morgan county, approved on the 23rd day of February, 1899, and to provide for the transfer to the law and equity court of Morgan county of all causes and all papers and books relating thereto, now remaining undetermined on the docket of said county court of Morgan county wherein indictments have been preferred by the grand jury of said county."

Here follows the notice that was given of the introduction of the bill which is in words and figures as follows: "Notice is hereby given that at the present session of the Legislature of Alabama, which began on the 13th day of January, 1903, and after this notice shall have been published in a newspaper of Morgan county once a week for four consecutive weeks, a bill will be introduced in said Legislature to be enacted into a law, for the purpose of repealing an act of the Legislature of Alabama, providing for the trial of misdemeanors in the county court of Morgan county, by jurors. Said bill will provide substantially in addition to its purpose stated above, that all of the causes of every kind and description, pending in said court at the date of the approval of said act, where jury has been demanded, together with all papers, records, processes and everything

pertaining to such causes pending in said court, shall be transferred by the clerk of the county court to the clerk of the law and equity court of Morgan county, Alabama, for which court a bill will be enacted by the said Legislature at its present session." In addition to the information given by the statement contained in the above notice, that a bill to establish a law and equity court would be enacted by the Legislature, we judicially know that there did not at the time the notice was given exist nor does there at this time, exist in the county of Morgan a court denominated the law and equity court of Morgan county.

The body of the bill as introduced, provided substantially that the causes and papers and books relating thereto should be transferred to the law and equity court of Morgan county.

The bill passed the House on the 12th day of February 1903, House Journal, p. 613, and reached the Senate on the 16th day of February, 1903, Senate Journal, p. 420, and was referred to the Judiciary Committee.—Senate Journal, p. 421. On the 5th day of September, 1903 H. B. 449 was called on the third reading in the Senate, at which time the following action with reference to it is shown by the original Senate Journal: "Mr. Lynne offered the following amendment: Amend the caption of said bill and section 2 and 3 of the same by striking out the words 'law and equity' where they occur in said caption and sections, and inserting in lieu thereof the word 'circuit'. Amend said bill by striking out section 5 of the same." The amendment was adopted on a yea and nay vote. The bill as amended was then passed Senate Journal, p. 862. On the 8th day of September, 1903, the House received a message from the Senate to the effect that the Senate had amended H. B. 449 as shown and as amended had passed it.—House Journal, p. 1321. The House thereupon concurred in the amendment made by the Senate to the bill.

That the act is a local law cannot be questioned, and to give it validity as a legislative enactment it must be made to appear that section 106 of the Constitution which relates to the publication of notice of the intention

to apply for the passage of a local law was complied with. That section requires that notice of the intention to apply for the passage of the law shall have been published, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county, or if there is no newspaper published therein, then by posting, etc.

It is manifest that the bill which was introduced into and passed the House as H. B. 449 had for its purpose, aside from the repeal of the act referred to in it, the transfer of all misdemeanor cases, pending in the county court of Morgan county, wherein indictments had been preferred, to a law and equity court of Morgan county which was, according to the notice given, to be created by the Legislature. Indeed, the court to which the causes were to be transferred was as important and as much the substance of the law as was the repeal of the law and the transfer of the causes.

It may be, that the notice published contained the substance of the proposed law, and was sufficient to advise the public of the intention to apply for the passage of a law which would provide for the transfer of all causes pending in the county court wherein indictments had been preferred, to the court of law and equity to be created. And it is possibly true, that with a law of this description the people would have been satisfied; but we submit, no such law was enacted. The amendment to the bill in the Senate, made a radical change in the proposed law. The notice published was not calculated to warn the people of Morgan county that the docket of the circuit court would be, perhaps, burdened by transfer, with causes that were pending in a court of competent jurisdiction to try them. Reasons may have existed which would have made such a law as was proposed desirable, but which would have had no influence with respect to the law that was enacted. It may be that the thought and prospect of getting an additional court, such as the people were advised by the notice would be

created by the legislature, and to which it was contemplated the causes pending in the county court were to be transferred, had the effect of lulling the public into repose and silence.

As was said in the case of *Wallace v. Board of Revenue,* 37 So. Rep. 321; "It was always supposed that the people to be immediately affected by local legislation, ought to have notice of an intention on the part of any one desiring to apply to the legislature for such legislation. Any notice, therefore, which falls short of advising the public of the substance of such legislation, would be deceptive and misleading, and deprive those opposed to it, of a fair opportunity to protest against and oppose its enactment."

The court to which the cases were to be transferred, we repeat, was of the very essence and substance of the proposed law.

The law enacted should conform substantially to the one advertised, and it seems to us that, in enforcing section 106 of the Constitution, if we should approve such radical changes in the law advertised and the one enacted as were wrought by the legislative proceedings with respect to the enactment involved in this case, we would make that section of the Constitution a delusion and a snare and destroy its usefulness.

The conclusion is, that the act of September 14th, 1903, page 239 of the Local Acts of the Legislature, 1903, was passed without sufficient notice as required by section 106 of the Constitution and that it is, therefore, without force and effect.

The conclusion renders consideration of the other objections urged to the act unnecessary.

It follows that the writ of mandamus will be awarded as prayed for, unless the respondent shall upon notice of this decision grant the order of transfer asked for by the relator.

McCLELLAN, C. J., HARALSON and DOWDELL, JJ., concurring.