# Larkin *v.* Simmons

*Assumpsit.*

(Decided April 23, 1908.  46 South. 451.)

1. *Courts; County Courts; Establishment.*—The county court is a creation of the statute and may be abolished by the legislature.

18  C

[Larkin v. Simmons.]

2. *Statute; Local Acts; Passage; Notice.*—The provisions of sec. 106, Constitution 1901, are mandatory and must be complied with to render a local act valid.

3. *Courts; Circuit Courts; Jurisdiction; Constitutional Provision.*— The jurisdiction of the circuit court in civil and criminal cases is limited by sections 8 and 143, Constitution 1901, and an act seeking to confer jurisdiction in matters contrary to or outside the limits prescribed in those sections, is unconstitutional and void.

4. *Statutes; Local Acts; Passage; Notice.*—The notice of the intention to apply for the passage of the act of August 1, 1907, which repeals the acts of 1900 and 1903, relating to the same subject matter, recited that it would provide for the transfer of all actions and proceedings, and all indictments in the county court, and invest the circuit court with jurisdiction to try such cases. The act of August 1, 1907, provided that all cases on the docket of a county court of which the circuit court had no original jurisdiction, should be certified to the circuit court and such cases should be disposed of as appeal cases from justices of the peace. Held, that whether the notice be construed to embrace only the transfer of actions which might have been originally commenced in the circuit court, and cases appealed from justice courts, or whether it meant that cases pending in the county court commenced originally there and of which the circuit court had not the original jurisdiction, would be transferred to the circiut court, in either event, the notice was insufficient to authorize the passage of said act of August 1, 1907, and consequently, said act is void, said matter being of the essence of the act.

APPEAL from Coffee County Court.

Heard before Hon. H. H. BLACKMAN.

Assumpsit by Tup Simmons against Marion Larkins. From a judgment for plaintiff defendant appeals. Affirmed.

CLAUDE RILEY and O. C. DOSTER, JR., for appellant. Counsel cite the Act creating and amending the county court of Coffee County and insist that it is unconstitutional.

J. F. SANDERS, for appellee. The first Act was held valid and constitutional in the case of *Wilson v. The State,* 136 Ala. And the Act of Sept. 29, 1903, was declared constitutional in the case of *Blue v. Everett,* 145 Ala. 104. The amending Act was clearly constitutional.—*Norville v. The State,* 143 Ala. 561; *Law v. The State,* 38 South. 798; *Dudley v. Fitzpatrick,* 39 South. 384; *Witt v. The State,* 130 Ala. 129; *Attorney General v. Speake,* 144 Ala. 509.

[Larkin v. Simmons.]

DENSON, J.—By an act of the General Assembly approved November 27, 1900, article 3 of chapter 142 of the Code of 1896—relating to county courts and the proceedings therein—was repealed so far as the same applied to the county of Coffee.—Acts 1900-01, p. 18. The county court being a creation of statutory law, it was competent for the General Assembly to abolish it. The effect of the enactment was to leave the county of Coffee without a county court.

By an act approved February 8, 1901, entitled "An act to establish the county court of Coffee for Coffee county with criminal jurisdiction in misdemeanor cases," "an inferior court of record, to be called the 'County Court of Coffee,'" was established, with "exclusive jurisdiction to try cases of misdemeanors in the county of Coffee."—Acts 1900-01, p. 861. Amongst other things it is provided in said act that prosecutions may be commenced in said court "in the same manner as is now provided by law in the county courts of the state." It is also provided that all indictments preferred by the grand juries of the county after the passage of the act shall be returned by the clerk of the circuit court to the judge of the county. The act provides for trial by jury, and requires that the county court shall conform to the rules of practice of the circuit court. By an act approved September 29, 1903, the last-named act was amended. Loc. Acts 1903, p. 398. The main features of the amendatory act are those conferring on the county court jurisdiction, concurrent with that of justices of the peace and of the circuit court, in all civil actions wherein the sum in controversy does not exceed $500 (excepting cases of libel, slander, assault and battery, and ejectment), providing that all appeals from judgments rendered by justice courts shall be taken to the county court, and conferring on the judge of said court

all the powers and jurisdiction which are exercised by the judges of the circuit court. This act was attacked, in the case of Blue v. Everett, as being unconstitutional on two grounds: First, that the notice of the intention to apply for its passage was insufficient; second, that it contains two subjects. Both contentions were overruled, and the act was upheld.—*Blue v. Everett,* 145 Ala. 104, 40 South. 203.

At the second session of the Legislature held in 1907 an act entitled "An act to repeal an act entitled 'An act to establish the county court of Coffee for Coffee county with criminal jurisdiction in misdemeanor cases,' approved February 8, 1901, and all subsequent and amendatory acts relating to said court, and to transfer all the civil and criminal proceedings therein pending, together with all the dockets, papers and books relating to said cases in said county court of Coffee to the circuit court of Coffee county, Alabama," was passed and approved on the 1st day of August, 1907. This act is assailed as having been enacted in violation of section 106 of the Constitution of 1901, in that the notice of the intention to apply for its passage is insufficient. That section of the Constitution is mandatory, and expressly requires the courts to pronounce void every special, private, or local law which the journals do not affirmative show was passed in accordance with its provisions.— *Wallace v. Board of Revenue,* 140 Ala. 502, 37 South. 321; *Kumpe v. Irwin,* 140 Ala. 460, 36 South. 1024.

The notice given of the intention to apply for the passage of the law, in respect to the transfer of causes pending in the county court, is in this language: "To provide for the transfer of all actions and proceedings at law and all indictments and criminal proceedings in the county court of Coffee at the time of the repeal of the act establishing the county court of Coffee county,

and to invest said circuit court with the power. juris-
diction and authority to try and dispose of such cases."
The Constitution provides that "the circuit court shall
have original jurisdiction in all matters civil and crim-
inal within the state not otherwise excepted in this Con-
stitution; but in civil cases, other than suits for libel,
slander, assault and battery, and ejectment, it shall
have no jurisdiction except where the matter or sum in
controversy exceeds fifty dollars."—Const. 1901, § 143.
By section 8 of the same instrument the original juris-
diction of. that court in criminal cases is limited to
cases in which indictments are preferred.    Therefore
any enactment of the Legislature, seeking to confer orig-
inal jurisdiction on the circuit court in matters civil
or criminal beyond the outside of the limitations fixed
by the Constitution, would be of no binding force.

Indulging the presumption that all persons know the
law, it would seem to follow that the notice given was
only intended to embrace, and in reality it only embra-
·ces, the transfer of actions civil which might have been
originally commenced in the circuit court, and cases
appealed from justice courts, and such criminal causes
as were pending on indictments or on appeal from jus-
tice courts.    In this view, the notice the public was
charged with, by the publication, should be likewise
limited.    But, if the notice must be construed as con-
veying the intelligence that causes pending in the coun-
ty court, commenced originally in that court, and of
which the circuit court has not original jurisdiction,
would be transferred to the circuit court, then it shows
that the act intended to be applied for, if enacted, would
be violative of the Constitution.    Sections of the Con-
stitution, ubi supra; *Alford v. Hicks,* 142 Ala. 355, 38
South. 752.

Section 6 of the act is as follows: "That on and after January 1, 1908, all cases on the docket in the said county court of Coffee of which the circuit court has no original jurisdiction shall be certified to the said circuit court of said county by the clerk of the said county court of Coffee and said cases be considered and disposed of as appealed cases from justices of the peace." Manifestly this includes civil cases, other than appeals from the justice courts, commenced by original summons and complaint in the county court, in which the amount involved is below $50, and of which the circuit court has not original jurisdiction. The fact that it is provided that such cases shall be tried and disposed of as appealed cases does not constitute them appealed cases, in the sense of conferring jurisdiction on the circuit court to try them under the statute of appeals.

There can be no question that the matter contained in section 6 is of the substance of the enactment, and in the light of the view first taken (that of presumption) is a departure from the notice—is not expressed in the notice. In the light of the second view, the notice showed that the act proposed to be enacted would be unconstitutional; and, taking either horn of the dilemma, upon the considerations adverted to, as well as on the authority of the cases of *Hooton v. Mellon,* 142 Ala. 245, 37 South. 937, *Alford v. Hicks,* 142 Ala. 355, 38 South. 752, *Norville v. State,* 143 Ala. 561, 39 South. 357, and *State v. Speake,* 144 Ala. 509, 39 South 224, it must be held that the act here assailed is an ineffectual effort to repeal the act establishing the county court of Coffee county and the act amendatory thereof, and that that court is still in existence.

This conclusion renders it unnecessary to pass upon the point made in respect to section 4 of the bill. It

[Moody v. Hontoon.]

follows that the judgment of the county court will be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.