# Christian *v.* The State.

## *Cruelty to Animals.*

·(Decided Feb. 7, 1911.   Rehearing denied May 4, 1911.
54 South. 1001.)

1. *Statutes; Local Laws; Notice; Sufficiency.*—A notice of an in- tention to apply to the legislature for the, enactment of a local law which states that the proposed law is to establish a court, and pro- vide for the election of the officials thereof, is sufficient authorization for an act for the election of a judge and solicitor of such court at the next general election and empowering the governor to fill the ·offices. until such election, and declaring that the clerk of the circuit ·court shall be ex officio clerk of the proposed court.

2. *Appeal and Error; Presumption.*—Where the bill of exceptions ·contains no · statement of the · evidence the presumption is that the evidence warranted the conviction.

3. *Animals; Cruelty to; Affidavit; Sufficiency.*—Under the act as- similating the procedure in prosecution for misdemeanors in a city ·court to that provided for prosecutions in the county court, an affi- ·davit alleging that the defendant confined a cow and failed to pro- . vide the same with proper food, drink and protection, causing the death of the cow, sufficiently charges that accused had the custody ·of the animal as owner or otherwise, and charges a violation of sec- ·tion 6232, Code 1907.

APPEAL from Andalusia City Court.

Heard before Hon. R. H. JONES. ·

Jake Christian was convicted of cruelty to animals and he appeals. Affirmed

ALBRITTON & ALBRITTON, for appellant.   The affidavit fails to charge any offense in failing to charge that the defendant had the custody of the animal either as owner ·or otherwise.—*Miles v. The State,* 94 Ala. 108; *Anderson v. The State,* 121 Ala. 126; *Stallworth v. The State,* 157 Ala. 3.   The motion in arrest of judgment should have been granted for the same reason.—*Benjamin v. The State,* 121 Ala. 26, and authorities supra.   Counsel in- sist that the judgment is void because the act creating

the city court of Andalusia is a local law and sufficient notice was not given.—*State ex rel. v. Speake,* 144 Ala. 514; *State ex rel. Hanna v. Tunstall,* 145 Ala. 482; *Wallace* v. *Bd. of Revenue,* 140 Ala. 491; Sec. 106, Const. 1901; *State v. Williams,* 143 Ala. 501; *Thomas v. Gunter,* in MSS. The point suggested here was not raised in the case of *Ex parte O'Neal,* 154 Ala. 237.

ROBERT C. BRICKELL, Attorney General, for the State. The constitutionality of the act creating the Andalusia City Court was upheld in *Ex pare O'Neal,* 154 Ala. 237. The notice was sufficient under section 106, Constitution 1901.—*State ex rel. v. Williams,* 143 Ala. 501; *Wallace v. Board of Revenue,* 140 Ala. 491. Sections 23 and 24 of said act may fall and the act stand and be operative.

SAYRE, J.—In *Ex parte O'Neal,* 154 Ala. 237, 45 Southt. 712, the act establishing the city court of Andalusia was sustained against an attack which alleged that constitutional requirements as to notice had not been complied with. In the case at hand the attack is renewed; the contention being that notice of the act was defective in a respect not heretofore urged. The notice as it appears at page 630 of Volume 1, H. J. 1907, was that the bill would provide, among other things, "for the election of the officers thereof." The act passed in pursuance of this notice provided for the election of a judge and a solicitor by the qualified electors of the county at the next general election. Meantime the vacancies in these offices created by the passage of the act were to be filled by the Governor's appointment. It was further provided that the clerk of the circuit court of Covington should be ex officio clerk of the city court. It is urged that the notice was not in compliance with Const. 1901, § 106, and fails to state the substance of

[Christian v. The State.]

the proposed law, because it makes no mention of the fact that the Governor was to fill the offices of judge and solicitor until the next general election, or that the clerk of the circuit court of Covington was to be ex officio clerk of the proposed city court. The act provides that an elective clerk shall be ex officio clerk of the court created, and makes the same provisions for filling vacancies in the offices of judge and solicitor that is made by the general statute in case of vacancies in elective offices. This section of the Constitution has destroyed all initiative in the Legislature in respect to those subjects of legislation which are required to be advertised. A narrow and literal construction would destroy, also, all power of amendment; so that the Legislature would be required to accept every such bill in the exact terms of its proposal. The Constitution does not proceed upon the theory that all the details of every proposed law should be worked out in advance and without the aid of legislative wisdom. It requires only that the local public shall be advised of the substance of the proposed law, of its characteristic and essential provisions, of its most important features. And this court has so held in a number of cases. Its language has been that the Constitution is complied with if the notice contain a fair compendium or abstract of the act in all its essential features. It has been said that the Constitution does not interfere with the right of the Legislature to shape up and work out the details of local legislation.—*State v. Williams,* 143 Ala. 501, 39 South. 276; *Hanna v. Tunstall,* 145 Ala. 477, 40 South. 135. In the case at hand the provision for filling temporarily the offices created by the act is a detail. It is no departure from the substance of the bill as advertised, and is in accord with the general policy of the law in respect to filling vacancies. In a perfectly unimpeachable sense

[Christian v. The State.]

we say that an officer is elective, notwithstanding the law provides for the filling of vacancies by appointment. In our opinion, the statute under consideration is not violative of this section of the Constitution.

The several charges requested by the defendant were in effect the general charge. The bill of exceptions contains no statement of the evidence. The presumption is that the evidence warranted the verdict of guilty, so that it cannot be said there was error in refusing the charges.

Defendant was tried on an affidavit which charged (omitting averments of time and venue) that he "did confine a cow in a lot or other inclosure, and failed to provide the same with proper food, drink, or protection, and by means of such cruelty caused the same to die." This affidavit was made under section 6232 of the Code. The complaint made against it in defendant's motion in arrest of judgment and sentence was that it failed to aver that he "had charge or custody of the animal, either as owner or otherwise." The act assimilates the procedure in cases of prosecutions for misdemeanor begun in the city court to that provided by law for prosecutions in the county courts of this state. In county courts that particularity in describing the offense, which is necessary in indictments, is not required. We are of opinion that the affidavit here, charging that defendant did confine the animal in a lot, in substance shows that he had charge or custody of the animal, as owner or otherwise, and that there was no error in overruling the defendant's motion in arrest.

The judgment of conviction is affirmed.

Affirmed.

DOWDELL, C. J. and ANDERSON and SOMERVILLE, JJ., concur.