# Dewyre *v.* The State.

## *Murder.*

(Decided May 11, 1911. 55 South. 434.)

*Jury; Summons; Special Venire.*—Where forty names were drawn for the regular jury and the court fixed the venire for the trial of the case at sixty-five and drew twenty-five names from the jury box to make up the required number for the special venire, and out of the forty names drawn for the regular jury only thirty-five were summoned, the special venire did not consist of the number stated in the order, and was not legal.

[Dewyre v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

George Dewyre was convicted of murder and he appeals. Reversed and remanded.

ALLEN & BELL, for appellant. The defendant was not present in court when the preliminary proceedings in making the showings, etc., were had, and as soon as he was brought into court against his objection and exception the court proceeded to the selection of the jury.—*Sylvester's Case,* 71 Ala. 17; *Slocovitch v. The State,* 46 Ala. 227. Counsel discuss the qualifications of certain jurors and insist that the court erred in putting them on the defendant. Counsel discuss objections to evidence and cite authority thereto. Counsel discuss the charges refused with citation of authority, but in view of the opinion it is not deemed necessary to set it out.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. On the authority of *Jackson v. The State,* in MS., the special venire to try the case was illegal, and the case must be reversed on that ground.

WALKER, P. J.—The court by its order named 65 as the number of persons to constitute the special venire from which was to be selected the jury in this case, it appearing that 40 names had been drawn for the regular juries for the week in which the trial was set, the court drew from the jury box 25 names to make up the number fixed for the special venire. It further appears from the record that, while 40 names were drawn for the regular juries for the week of the trial, only 35 of the persons named in the list were summoned.

[Trammell v. The State.]

Following the recent ruling of the Supreme Court in the case of *Elijah Jackson v. State,* 171 Ala., 55 South. 118, it must be held that the law was not complied with in the organization of the jury. On the authority of that case, the judgment of the trial court is reversed, and the cause remanded.