(75 South. 910)

Ex parte STATE ex rel. LETFORD.

(3 Div. 302.)

(Supreme Court of Alabama.    May 24, 1917.)

STATUTES ☞8½(2)—TITLE.

Acts 1915, p. 641, fixing the salary of a court stenographer, and providing its provisions should terminate on a certain date after which the general law should apply, violates Const. 1901, § 106, requiring notice of the "substance of the proposed law" to be published, etc., where the notice merely stated that a law amending previous acts fixing the reporter's salary would be proposed without mentioning the temporary character of the act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 6.]

Original mandamus proceedings by the State of Alabama, on the relation of W. D. Letford, against A. E. Gamble. Writ denied.

J. S. Stearns, of Evergreen, for appellant. C. E. Hamilton, of Greenville, and E. C. Page, of Evergreen, for appellee.

McCLELLAN, J. W. D. Letford presents this original petition for the writ of mandamus to be directed to the judge of the Second judicial circuit requiring him to issue certificates for the salary of the petitioner who is now serving and has been serving since the 15th day of January, 1917, as official stenographer of the Second judicial circuit; he having been appointed thereto under the local act approved August 9, 1907 (Local Acts 1907, p. 809), as that act was altered by the amendatory acts respectively approved on March 29, 1911 (Local Acts 1911, p. 174), and on September 22, 1915 (Gen. Acts 1915, p. 641).

The agreed statement of facts concludes with this:

"The sole and only question raised by this record is, whether or not the local act of the Legislature providing for the appointment of an official stenographer for the Second judicial circuit of Alabama, as amended by the act of the Legislature approved March 29, 1911, and by the act approved September 22, 1915, is repealed either by the general law or by section 2 of the act approved September 22, 1915."

The act approved August 26, 1909 (Gen. and Local Acts, Spec. Sess. 1909, p. 264), entitled "An act to provide for the appointment of an official stenographer for each of the circuit courts and courts of like jurisdiction for which a stenographer is *not now provided by law, * * *"* had—according to its plain terms as indicated by the italicized words in its title—no effect upon the status established by the local act approved August 9, 1907, noted before; that local act having served the purpose of then providing a stenographer for the Second judicial circuit.

Section 5 of the local act approved August 9, 1907, provided:

"Said official stenographer shall receive $1,200.00 payable in quarterly installments by the counties constituting the circuit. The boards of county commissioners of the respective counties in said circuit are required to provide for the payment of said salary in such quarterly installments. Each county comprising the circuit shall pay said salary in the following proportions per annum: The county of Butler, $240.00. The county of Crenshaw, $240.00. The county of Escambia, $240.00. The county of Lowndes, $240.00. The county of Conecuh, $240.00. But the amount of such annual assessment shall be paid quarterly as above provided."

The amendatory act approved March 29, 1911 (Local Acts 1911, p. 174), was, so far as presently important, this, in respect of title and body:

"To amend section 5 of an act entitled an act to provide for the appointment of an official stenographer for the Second judicial circuit of Alabama, and to prescribe his duties and to fix his compensation, approved August 9th, 1907.

"Section 1. Be it enacted by the Legislature of Alabama, that section 5 of an act entitled an act to provide for the appointment of an official stenographer for the Second judicial circuit of Alabama and to prescribe his duties and to fix his compensation, approved August 9th, 1907, be and the same hereby is amended to read as follows:

"Sec. 5. Said official stenographer shall receive fourteen hundred and forty dollars annually, payable in quarterly installments in equal amounts by the counties now or hereafter composing the Second judicial circuit of Alabama. The board of county commissioners of the respective counties now or hereafter composing the said second judicial circuit of Alabama are required to provide for the payment of said salary in such quarterly installments.

"Sec. 2. That all laws and parts of laws in conflict with the provisions of this act be and the same hereby are repealed."

The act approved September 22, 1915 (Gen. Acts 1915, p. 641), is this:

"Section 1. That section 5 of an act entitled 'An act to provide for the appointment of an official stenographer for the Second judicial circuit of Alabama, and to prescribe his duties and to fix his compensation,' approved August 9th, 1907, as amended by an act of the Legislature of Alabama, approved March 29, 1911, be and the same hereby is amended to read as follows: Section 5. Said official stenographer shall receive eighteen hundred ($1,800.00) dollars annually, payable in quarterly installments, in equal amounts, by the counties now or hereafter comprising the Second judicial circuit of Alabama. The courts of county commissioners or boards of revenue of the respective counties now or hereafter comprising the said Second judicial circuit of Alabama are hereby required to provide for the payment of said salary in said quarterly installments.

"Sec. 2. That the provisions of this act shall

terminate on and after the first Monday after the second Tuesday in January, 1917, and the general law governing court stenographers will then become the law concerning the stenographer for the Second judicial circuit."

By express terms in the fourth line of section 1 of the act approved September 25, 1915 (Gen. Acts 1915, p. 859 et seq.), that Act—entitled "An act to provide for the appointment of an official court reporter by each circuit judge in Alabama; to fix their compensation, define their duties and provide for special reporters in certain cases"—excluded from its operation circuits that were "otherwise provided with an official reporter." It is manifest that if there was then a valid law whereby an official stenographer or reporter was provided for the Second judicial circuit, the act approved September 25, 1915, ante, was not operative in the Second judicial circuit. The question, in respect of the effect or operation of this last-mentioned act in the Second judicial circuit, is not one of repeal, expressly or by implication, of the act of 1907 or the act of 1911 (both set forth before). It will be noted that our statement in this connection does not include the act approved September 22, 1915.

No argument is made that either the original act, approved August 9, 1907, or the amendatory act, approved March 29, 1911, were invalid when enacted. We have not investigated either of them to see whether they were enacted in accordance with the Constitution. But for the interjection of the provisions carried by the second section of the act approved September 22, 1915, quoted above, there would be no debatable matter involved. Since it seems that only by force of the provisions of section 5 of the act approved September 25, 1915, is the judge of the circuit required to make or to give the certificates sought by this proceeding to be compelled to issue, it becomes vital to determine the validity of the act approved September 22, 1915.

It is insisted that the act approved September 22, 1915, is invalid because the notice of intention to propose its enactment, exacted by section 106 of the Constitution as a condition precedent to the enactment of a local law, was insufficient, for the reason that the notice did not evince a purpose to legislate, as by section 2 of that act was undertaken to be done. Section 106 prescribes that the "substance of the proposed law" shall be borne by the notice required to be published. It has been decided that the prescription for the publication of the "substance of the proposed law" intends and requires that the essential or material part or a compendium thereof shall be incorporated in the notice. State v. Williams, 143 Ala. 501, 39 South. 276; Wallace v. Jefferson County, 140 Ala. 491, 37 South. 321; Christian v. State, 171 Ala. 53, 54 South. 1001, among others. The notice published in this instance stated that a law amendatory of section 5 of the acts approved August 9, 1907, and March 29, 1911, would be proposed; and followed with this as the legislation to be submitted to the Legislature:

"Sec. 5. Said official stenographer shall receive eighteen hundred ($1800.00) dollars annually, payable in quarterly installments, in equal amounts, by the counties now or hereafter comprising the Second judicial circuit of Alabama. The courts of county commissioners or boards of revenue of the respective counties now or hereafter comprising the said Second judicial circuit of Alabama are hereby required to provide for the payment of said salary in said quarterly installments."

To the section, as proposed, the Legislature added the provision of the second section of the act approved September 22, 1915, quoted before. The effects of this second section were to limit that law's operation to January 15, 1917, and to then, on that date, impose upon the subject of its operation, viz. the official reporter of that circuit, the law later (three days) enacted, whereby a different basis of compensation by the counties composing the circuit was to be the rule. It is quite clear, we think, that the notice published did not disclose the substance of the law as enacted, and so for the reason that the major, very material, highly important matter set forth in the second section was not in any manner alluded to in the notice as published. In such circumstances it must be held that the local act approved September 22, 1915, was void because of the insufficiency of the published notice. Const. § 106; Larkin v. Simmons, 155 Ala. 273, 278, 46 South. 451. The rule of statutory construction usually referred to through the use of the maxim "in pari materia" is, of course, without subject for application or field for operation when the inquiry is, whether in the attempt to legislate the Legislature has observed the prescriptions of the Constitution with respect to the exclusive forms and methods the organic law has established for the enactment of laws.

While it is unnecessary to decide the question, this inquiry may be mooted only: Do the provisions of section 2 of the act approved September 22, 1915, offend the feature of section 45 of the Constitution, which provides that:

"No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."

Since the official reporter of the Second judicial circuit is subject to the status fixed by the laws approved August 9, 1907, and March 29, 1911, cited before—the act approved September 22, 1915, being void—the act approved September 25, 1915, is not effective in that circuit. It results that the judge of the Second judicial circuit was under no obligation to issue to the petitioner the certificates he desires.

The writ is denied. All the Justices concur.