(98 South. 286)

### ROPER v. STATE ex rel. DAY et al.
### (8 Div. 618.)

(Supreme Court of Alabama.   Dec. 13, 1923.)

**Statutes ⊜8½(3)—Publication of notice of local act not such as Constitution required.**

Notice of intention preceding the enactment of Morgan County Road Law, which appropriates public money out of general revenue of county, *held* not to give sufficient notice that money was to be taken from the general fund of the county, and hence the act was violative of Const. 1901, § 106, providing that no local law shall be passed unless notice which states the substance of the proposed law shall have been published.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Quo warranto proceeding by the State of Alabama, on the relation of J. L. Day and Carl D. Patterson, against S. E. Roper, seeking to oust the respondent from the office of Superintendent of Roads of Morgan County. From a judgment excluding the respondent from the office, respondent appeals. Affirmed.

Robert C. Brickell, of Huntsville, and Wert & Hutson, of Decatur, for appellant.

The act is not violative of section 106 of the Constitution; all its material provisions are covered in the notice. Law v. State, 142 Ala. 62, 38 South. 798; State v. Williams, 143 Ala. 501, 39 South. 276; State v. Tunstall, 145 Ala. 477, 40 South. 135; Ensley v. Cohn, 149 Ala. 316, 42 South. 827; Ex parte Kelly, 153 Ala. 668, 45 South. 290; Ex parte O'Neal, 154 Ala. 237, 45 South. 712; Christian v. State, 171 Ala. 52, 54 South. 1001; Hudgens v. State, 15 Ala. App. 156, 72 South. 605; McGehee v. State, 199 Ala. 287, 74 South. 374; Leonard v. Lyons, 204 Ala. 615, 87 South. 99; Jarman v. Bennett, 207 Ala. 654, 93 South. 650; McCreless v. Tenn. Valley Bank, 208 Ala. 414, 94 South. 722; State v. Kirkpatrick, 19 Ala. App. 50, 95 South. 490.

Callahan & Harris, of Decatur, for appellees.

All essential and material parts of the act are not set forth in the published notice, and the act therefore violated section 106 of the Constitution. Wallace v. Board of Rev., 140 Ala. 501, 37 South. 321; Christian v. State, 171 Ala. 52, 54 South. 1001; Falconer v. Robinson, 46 Ala. 347; State v. Speake, 144 Ala. 510, 39 South. 224; Ex parte State ex rel. Letford, 200 Ala. 162, 75 South. 910.

SAYRE, J. Quo warranto. The proceeding draws into question the constitutional validity of the local act approved September 15, 1923, known in brief as the Morgan County Road Law (Loc. Acts, p. 163). The at-

---

tack is based upon several grounds, more than one of them presenting questions that challenge serious consideration. We find it necessary to consider one only, viz., the contention that the act was passed in violation of section 106 of the Constitution, which, amended to meet the necessities of the occasion, reads as follows:

"No * * * local law shall be passed on any subject * * * unless notice of the intention to apply therefor shall have been published, * * * which notice shall state the substance of the proposed law. * * * The courts shall pronounce void every * * * local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."

More briefly stated, the contention is that in several material particulars the published notice failed to state the substance of the law under consideration.

Publication was made in the following language:

"To create a superintendent of roads for Morgan county, Ala., to be known as the road superintendent; to provide for the appointment thereof by the Governor; to vest him with full, complete and unlimited jurisdiction over the public roads, bridges and ferries in Morgan county; to prescribe and define his powers and duties as such road superintendent and repeal all laws and parts of laws in conflict therewith; to provide for the establishment of a public road fund and for levying of certain taxes for the benefit of the public roads; to authorize the superintendent to take charge of all public road tools and machinery belonging to the county; and to levy and collect special privilege license tax for the construction and maintenance of public roads, bridges and ferries in the county; to authorize superintendent of roads to exercise all the legislative, judicial and executive authority over the public roads, bridges and ferries; to fix penalties for the violation of this act; to provide for the election and the term of office of the road superintendent; to provide for the appointment of beat supervisors, and the registering of all males subject to public road duties; to provide for the exemption of those subject to road duty by the payment of a prescribed sum; to provide for the working of the public roads, and the investigation of all of the acts of the road superintendent by the grand jury of Morgan county; and provide for the keeping of the road superintendent's account; to provide for the exercise of the right of eminent domain; and for the employment of road overseers; to fix the salary of the road superintendent; and the beat supervisors; to provide penalties for the failure to work upon the public roads and for the prosecution of road defaulters; to provide for the giving of notice to those liable for road duty; to provide for the buying of tools and machinery and the location and operation of the same."

The act, comprising 57 sections, witnesses an exercise of legislative power entirely different from anything appearing in the previ-

ous history of this state. By it a road superintendent is created for Morgan county, and he is "empowered to have and to exercise all the legislative, judicial and executive authority over the public roads, bridges and ferries in the county, which is conferred by law on the board of revenue," and more. To support his activities a special license tax, in addition to license taxes levied for the use of the state, is levied upon the use of all vehicles, automotive and horse-drawn, and upon banks, physicians, lawyers, dentists, pharmacists, tonsorial artists, and upon others too numerous to mention, up, or down, to dealers in coffins. Possibly the people of Morgan county had some sort of notice of these exactions in that clause of the publication which specified that one purpose of the proposed law was "to levy and collect special privilege license tax for the construction and maintenance of public roads, bridges and ferries in the county"; but the act appropriates out of the county treasury the additional sum of $36,000 annually, to be expended upon the order of the road superintendent, and awards to the probate judge $800 per annum as compensation for "services rendered by him to the road superintendent in the preparation of his necessary blanks, books and records, or in any matter of advice or assistance desired by the road superintendent, and for performance of duties required by this act relative to collection of taxes." By reason of general principles of law and the special injunction of the concluding clause of section 106 of the Constitution, we feel constrained to hold that these appropriations of public money, the first, if not the second, out of the general revenue of the county, are of the substance of the act, and that, of them, the publication, quoted above, gave no notice such as the Constitution requires.

The considerations which induced the adoption of this section of the Constitution were stated by this court in Wallace v. Board of Revenue, 140 Ala. 491, 37 South. 321, and the conclusion of the court as to its meaning and effect was, in brief, as follows: The "substance" of a proposed local law, of which the Constitution requires notice by publication, means more than "subject," with which section 45 of the Constitution deals; it means the essential and material parts of the proposed law, an abstract or compendium thereof, such as will give the people to be affected thereby fair information of what the law will be, to the end that those opposed to it, or any material part thereof, may have opportunity to protest against and oppose its enactment. The published notice of the act under review did, in addition to its mention of the levy of special license taxes, already noted, give notice that the proposed law would "provide for the establishment of a public road fund and for levying of certain

taxes for the benefit of the public roads"; but. when these specifications are read together and in their totality, they appear to be calculated to advise the people that the special levies to be enacted, whatever they might be, would provide the funds to be expended on the order of the road superintendent; at any rate, according to our view, no notice was given that $36,000, or more, was to be taken from the general fund of the county.

Hence our conclusion that in one material particular at least the notice given of this law failed to state its substance, so that the duty enjoined upon us by the general law and the specific provision of section 106 of the Constitution leaves us no alternative but to declare the invalidity of the act. Ex parte State ex rel. Letford, 200 Ala. 162, 75 South. 910; Larkin v. Simmons, 155 Ala. 273, 46 South. 451.

Affirmed.

All the Justices concur.