139 So. 356

## COMMISSIONER'S COURT OF WINSTON COUNTY v. STATE ex rel. COUNTY HIGHWAY COMMISSION.

### 6 Div. 42.

Supreme Court of Alabama.

Jan. 28, 1932.

Davis & Curtis, of Jasper, for appellant.

Travis Williams, of Russellville, for appellee.

**BOULDIN, J.**

This proceeding by mandamus seeks to require the court of county commissioners of Winston county to turn over the road machinery and equipment of the county to a county highway commission created by a local act of the Legislature, approved July 30th, 1931. Local Acts 1931, p. 298.

The constitutionality of this act was challenged by demurrer upon numerous grounds.

Demurrer being overruled, and respondents desiring to raise no other question, mandamus was awarded.

The constitutionality of said act is therefore the sole question for review on this appeal.

The act is assailed upon the ground, among others, that it is violative of section 106 of the Constitution, in that the published notice of the intention to apply for its passage failed to "state the substance of the proposed law."

The courts are expressly charged with the duty to pronounce void every local law which the journals do not affirmatively show was passed in accordance with the mandate of that section.

In Wallace v. Board of Revenue of Jefferson County, 140 Ala. 491, page 504, 37 So. 321, 324, the initial case calling for a construction of section 106, this court reviewed the history of former provisions, the evils intended to be remedied, and carefully defined the "substance of the proposed law" to mean "its essential and material parts, its essence, or an abstract or compendium of its substance, such as would give the people fair information of what it was."

The distinction was there noted between the "subject" of legislation to be shown in the title, and the "substance" of a local law to be given by publication. The one must show what the law is about; the other what the law is, in substance.

The meaning then given to this section has been approved in numerous subsequent cases.

The application of this rule must turn much upon the act in question. Just what are the material and substantive provisions of the local law, as distinguished from matters of detail, may give rise to much difference of opinion.

In First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 485, 117 So. 38, 41, the full court again considered this section in the light of several decisions there cited, saying: "The principles declared by these cases seem to be: (1) That the 'substance' of the proposed law means, not merely the subject of it, but an intelligible abstract or synopsis of its material and substantial elements (Wallace v. Board of Revenue, 140 Ala. 491, 502, 37 So. 321; Law v. State, 142 Ala. 62, 38 So. 798); (2) the substance of the act may be sufficiently stated without stating the details which are subsidiary to the stated elements (City of Uniontown v. State ex rel. Glass, 145 Ala. 471, 39 So. 814, 8 Ann. Cas. 320; Law v. State, supra; Mayor, etc., of Ensley v. Cohn, 149 Ala. 316, 42 So. 827); and (3) the Legislature is not inhibited from shaping up and working out the details of local legislation by amending bills when presented for consideration and passage."

That case dealt with an amendment in course of passage, saying further: " * * * while more or less general provisions of the advertised substance of the act may be shaped up or elaborated by the Legislature before its final passage, by amendments which are consistent with that substance, the substance itself, as advertised, cannot be thus materially changed or contradicted."

In State v. Allen, 219 Ala. 590, 123 So. 36, again considered by the full court, the above excerpts were reiterated and declared to be four well-defined canons of construction firmly settled.

In the latter case, emphasis is laid upon the misleading tendencies of allowing amendments working substantial changes from the act as published.

But it is to be kept in mind that the only logical ground upon which the act can be stricken down because of amendments is that the published notice did not state the substance of the law as enacted. Such is the principle stated in First Nat. Bank of Eutaw v. Smith, supra. So we would not be understood as saying the publication of the proposed bill in full would make a provision thereof matter of substance which would otherwise be considered mere matter of detail.

Framing notices for publication in such indefinite form, as not to disclose the substance of the bill, leaving the author to insert what he will, would open the door to all the abuses section 106 is designed to prevent. Cases condemning such practice are found in Wallace v. Board of Revenue, supra; Roper v. State ex rel. Day, 210 Ala. 440, 98 So. 286; State v. Speake, 144 Ala. 509, 39 So. 224.

Applying the above canons of construction to the act before us, we first set out the published notice, as follows:

"Notice is hereby given that a bill will be introduced at the special called session or at the regular adjourned session of Legislature of Alabama in 1931, in substance as follows:

"A bill to be Entitled an Act:

"To withdraw and take away from the Court of County Commissioners of Winston County, Alabama, all jurisdiction over public roads and bridges and public roads and bridges funds in said county; to create and

establish a highway commission for said county to be composed of the Probate Judge of said County and two other members to be appointed; and to invest said highway commission with jurisdiction and authority over public roads and bridges and over public road and bridge funds in and for said county; to provide for the terms of office and compensation of said members; and to define the powers, jurisdiction, duties, authority and responsibilities of said commission; and to repeal all laws local and general in conflict herewith in so far as the same apply to Winston County, Alabama."

The act contains eighteen sections, aggregating about 2,500 words. Many provisions may be regarded as matters of detail. Others go to the substance of the act; its material parts. We deal with some of them.

We observe the notice merely says the act shall fix the terms of office and the compensation of the members of the commission. As a synopsis of the "subject" to be dealt with, and part of the title of the act, this is unobjectionable. But certainly it gives no information of what the law fixing their terms and compensation is to be.

The act fixes the term of office with that of the appointing Governor, and each successive Governor is to appoint a commission for his term.

While the notice says the members of the commission created are to be appointed, it does not show by whom. It may be questioned whether this is notice of a permanent change of a county governing body from an elective system to an appointive system.

The compensation is also fixed by the act.

The notice says the act shall define the powers, jurisdiction, duties, authority, and responsibilities of the commission, but says nothing of what its powers and duties are. Certainly the duties and powers of a new governing body are matters of substance.

It is not expected that the citizen affected by a local law shall go to Montgomery or take other steps to ascertain what the substance of the proposed law is. That is the precise purpose of the published notice required by section 106.

Turning to the powers in fact conferred by the act, we find, among others, the commission is empowered to promptly divide the county of Winston into road districts, not less than five, nor more than seven; to employ a road supervisor for each district; to fix his duties and compensation.

The supervisor holds at the will of the commission, but is charged with duties official in character, such as appointing overseers, apportioning hands, and issuing orders to overseers to call out road hands as he shall deem best.

This act thus contemplates at least seven new supervising officials, two commissioners, and five district supervisors, all in the pay of the county from road and bridge funds placed wholly under the control of the commission.

There is further provision for employment of a county road engineer, and for payment of overseers for overtime.

Time of road hands is reduced from 10 to 5 days per annum.

This will suffice to show the act recasts in material respects the system of road and bridge construction and maintenance.

We need not and do not say that any particular provision, standing alone, would render the act void because not disclosed in the notice.

But we are impelled to say that this notice is not such an abstract, synopsis, or compendium of the act as to fairly advise the reader of its material and substantial provisions.

Whether this law is a good one or a bad one under the conditions in Winston county, it is not our province to determine. Pursuant to our duty imposed by section 106 of our Constitution we must declare the act void for noncompliance with the requirement to give notice by publication showing the substance of the proposed law.

Judgment will be here rendered denying the writ.

Reversed and rendered.

All the Justices concur.