179 So. 221

**GRAY v. JOHNSON, Treasurer.**

**6 Div. 212.**

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

406

Arthur Fite, of Jasper, for appellant.

W. W. Bankhead and Pennington & Tweedy, all of Jasper, for appellee.

GARDNER, Justice.

By the act approved July 31, 1935, Local Acts 1935, p. 131, the "County Commission" of Walker County was abolished and a Board of Revenue established in lieu thereof. The validity of the local act is challenged by counsel for appellant upon the sole ground that the act as passed differed materially and in substance from the published notice, thus violating section 106 of the Constitution. Section 11 of the act reads as follows: "That the Board of Commissioners shall have authority to employ a clerk whose duty shall be to keep the books and do and perform such other things as may be required of him by the Board of Commissioners; the said Clerk to be paid such salary or compensation as may be fixed and prescribed by the Board of Commissioners and the time of his service shall be at the will of the Board of Commissioners." Section 11, page 134, Local Acts 1935.

The published notice is made exhibit to the petition, and appears in the report of the case.

It is full and complete; and that the substance of the act, except in the one particular hereinafter noted, sufficiently appears therein, is not here questioned.

It is to be observed that in the published notice the concluding provision is: "for a clerk at a salary of not more than $100.00 per month," while section 11 of the act, though providing for a clerk, leaves the matter of compensation as well as length of service to the board's discretion.

The argument is that the removal, in the act, of the restriction as to the maximum salary of the clerk, appearing in the published notice, is such a material departure of substance as to render the act invalid.

■ The decided cases plainly state the rules by which the courts are to be guided in the determination of questions of this character. The general rule, as to the constitutionality of statutes, is well understood. The courts seek to sustain, and not strike down, the enactment of a co-ordinate department of the government. All reasonable doubt is resolved in favor of the action of the Legislature. Every legislative act is presumed to be constitutional and every intendment is in favor of its validity. Tucker v. State, 231 Ala. 350, 165 So. 249. And these general rules are as applicable to this provision of our Constitution as to other constitutional limitations upon legislative power. Byrd v. State, 212 Ala. 266, 102 So. 223.

■ The evil intended to be corrected by section 106 of the Constitution was pointed out in Wallace v. Board of Revenue, 140 Ala. 491, 37 So. 321, and its purpose declared to be the prevention of deception of those immediately affected by the local legislation, to the end that they may have a fair opportunity to protest against and oppose its enactment.

■ While the requirements of sections 45 and 106 of the Constitution are not identical, yet their objects are, and their similarity suggests the same general line of reasoning in construing them. And in harmony with the rule of construction as to section 45, our decisions, in speaking of section 106, have observed that this court should likewise give this provision a broad and liberal interpretation, and avoid so strict a construction as to embarrass legislation.

And these decisions disclose that as to matters of form and detail, not affecting the spirit and purpose of the Constitution, a liberal interpretation has been indulged to uphold rather than strike down the act. Tucker v. State, supra.

Speaking of this provision of our Constitution, the court, in Christian v. State, 171 Ala. 52, 54 So. 1001, 1002, said: "The Constitution does not proceed upon the theory that all the details of every proposed law should be worked out in advance and without the aid of legislative wisdom. It requires only that the local public shall be advised of the substance of the proposed law, of its characteristic and essential provisions, of its most important features. And this court has so held in a number of cases. Its language has been that the Constitution is complied with if the notice contains a fair compendium or abstract of the act in all its essential features. It has been said that the Constitution does not interfere with the right of the Legislature

to shape up and work out the details of local legislation."

And in Commissioner's Court of Winston County v. State, 224 Ala. 247, 139 So. 356, 357, the court makes the following observation, here applicable: "So we would not be understood as saying the publication of the proposed bill in full would make a provision thereof matter of substance which would otherwise be considered mere matter of detail."

Counsel for the respective parties have noted the cases considered in point as to the contention of each. We have carefully read them all. Those for appellant are: First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38, 41; State v. Allen, 219 Ala. 590, 123 So. 36; State v. Speake, 144 Ala. 509, 39 So. 224; Roper v. State, 210 Ala.: 440, 98 So. 286; Ex parte State ex rel. Letford, 200 Ala. 162, 75 So. 910; Wallace v. Board of Revenue, supra; Alford v. Hicks, 142 Ala. 355, 38 So. 752; Brame v. State, 148 Ala. 629, 38 So. 1031; First Nat. Bank v. Hagood, 206 Ala. 308, 89 So. 497; and for appellee: Tucker v. State, supra; Byrd v. State, supra; 'State v. Merrill, 218 Ala. 149, 117 So. 473; Christian v. State, 171 Ala. 52, 54 So. 1001; Houston County v. Covington, 233 Ala. 606, 172 So. '882; McGehee v. State, 199 Ala. 287, 74 So. 374; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; Leonard v. Lyons, 204 Ala. 615, 87 So. 99; State v. Tunstall, 145 Ala. 477, 40 So. 135; Commissioner's Court v. State, supra; Bice v. Foshee, 19 Ala.App. 421, 97 So. 764.

█ These authorities, in so far as they relate to the application of section 106 of the Constitution, are helpful as illustrative of the general rule by which the court is to be guided, but they serve as illustrations only. Each case must depend upon its own peculiar status; or, as otherwise stated in Commissioner's Court of Winston County v. State, supra: "The application of this rule must turn much upon the act in question." For in each case the decision must turn upon the "appraisal of the elemental and substantial features on the one hand, and of the subsidiary and nonsubstantial on the other." First National Bank v. Smith, supra.

█ It is clear enough that the primary purpose of the local act was the abolition of the County Commission and the substitution of the Board of Revenue in its stead. But this called for information to the local public of other matters of substance relating to the change. The notice supplies this information. The board will consist of five members, one of whom will be chairman. Compensation of the chairman and other members will be fixed in the act; the county will be divided into districts therein defined with a member elected from each district, and the chairman from the county at large; the terms of the members is four years; the chairman is to "check up, supervise and audit all accounts, deposits, books, contracts, warrants, receipts, disbursements, and moneys for the county and in which the county has an interest," and the board is to exercise all the jurisdiction, powers, and duties which are vested in such bodies by general laws. It is quite apparent that for the proper functioning of the board some clerical help is essential. The notice concluded with a provision for this help.

We are impressed that such a board would have possessed implied authority to provide such assistance without specific provision therefor. See Bice v. Foshee, 19 Ala.App. 421, 97 So. 764. Numerous instances are found in cases cited in the note to 15 Corpus Juris 546, which sustain this view.

But here both the published notice and the act provide such clerical help, the only difference being that in the notice a maximum salary is fixed, while in the act this is left to the board's discretion. In this there is nothing new, as readily appears from a cursory examination of the power and duties of such governmental bodies found enumerated in our Code. Section 6755, Code of 1923.

Illustrative is the authority to employ a janitor for the courthouse, but without limitation as to his maximum pay. But such boards function for the public and are bound by the law of reason, a reasonable pay for the class of service rendered.

Under section 6766, Code, they are to make full disclosure to the public twice each year of all expenditures and receipts of money. Numerous other instances may be cited in the above-noted statutes where expenditure may be made without specific limitation, but with implied limitations of a reasonable sum in payment of the matter in hand. So with clerical help. The lawmakers in making the change in this respect merely left the matter like many others fixed in the general statutes.

The clerk has no term of office and no fixed period of time for service. He mere-

ly works as directed by the board and at a compensation to be so provided by them.

█ The local public was interested in the changed form of this county governing body, general duties of the members of the board, and the manner in which they were to perform them, as well, perhaps, as their method of selection. They knew that the Legislature had the right to "shape up and work out the details of local legislation," and we are impressed that the matter of clerical help was a detail, a mere subsidiary and unsubstantial part of the act, notice as to which could have been omitted entirely without disturbing the integrity of the act. And, as we have previously observed, the inclusion of such detail matter in the notice did not make it matter of substance. Commissioner's Court of Winston County v. State, supra. Some of the cases herein cited more clearly than others tend to illustrate the correctness of this view. But, as previously stated, they serve as illustrations only, and we feel that any detailed consideration thereof would serve no useful purpose and extend this opinion to undue length.

Our conclusion is in harmony with the ruling of the trial court, and the judgment rendered will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.