9 So.2d 265

**PARTON v. WOOD, Chairman of Board of Revenue, et al.**

**7 Div. 722.**

Supreme Court of Alabama.

Nov. 12, 1942.

408

Merrill, Woolf & Merrill, of Anniston, for appellees.

Knox, Liles, Jones & Blackmon, of Anniston, for appellant.

GARDNER, Chief Justice.

In 1939 the legislature passed an act establishing a County Commission for Calhoun County, the validity of which is here assailed.

By local act, Local Acts 1923, p. 180, the Court of County Commissioners for Calhoun County, Alabama, was abolished and a Board of Revenue established in its stead, with a division of the County into five districts and the five members thereof elected for each such district. By a later act, Local Acts 1935, p. 268, the President of the Board of Revenue was made purchasing agent for the County, and his duties in this respect are continued under the act of 1939. In this proceeding we are called upon to deal with this local act of 1939, Local Acts, 1939, p. 252, wherein the Board of Revenue was abolished and a County Commission effective in January, 1943, was established in lieu thereof. The

County Commission was to consist of a chairman and two associates, one from each of the districts (Northern and Southern) established by the act. The Chairman could reside anywhere in the County, but an associate must be a resident of the district from which he offered as a candidate. All, however, are elected from the County at large.

Notice of the act was duly given by publication, the act being published in full, and introduced in the Senate as thus published. During its passage, however, Section 3 of the act was amended by taking from District number 1 precincts 5, 14, and 18 and adding them to District number 2. This change affected some 324 voters, which was about three percent of the total number of voters of the County. But it did not affect them adversely in any manner. They were still able to vote their choice as well as offer for the office if they so desired, and all provisions of the act apply whether the voter resides in the Northern or Southern districts of the County.

■ Many of our cases have dealt with Section 106 of our Constitution and each case must depend, as often stated, upon its own peculiar status.

■ The language of the Constitutional provision is complied with if the notice contains a fair compendium or abstract of the act in all its essential details. But this does not interfere with the right of the Legislature "to shape up and work out the details of local legislation." Our authorities also agree that the publication of the proposed bill in full would not make a provision thereof matter of substance which would otherwise be considered mere matter of detail. Numerous cases are cited in Gray v. Johnson, 235 Ala. 405, 179 So. 221, 223, State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36, and Shades Valley Land Co. v. Homewood, 235 Ala. 462, 179 So. 815.

■ We have observed that in each case the decision must turn upon the "appraisal of the elemental and substantial features on the one hand, and of the subsidiary and nonsubstantial on the other." Gray v. Johnson, supra.

■■ We have said enough concerning the change here involved to indicate our view that it was of a minor character, a mere detail, a subsidiary and unsubstantial part of the act, and that the act as passed in no manner offended § 106 of our Constitution, which as often observed, is to receive a broad and liberal interpretation so as to avoid embarrassing the law-makers in working out unsubstantial details of legislation.

■ These observations are likewise applicable to the argument that the change made rendered the act violative of § 61 of our Constitution. Clearly enough the original purpose of the act was not in any manner changed or altered by the amendment, and we deem further discussion of this matter unnecessary.

■ The argument that the act violates § 45 of the Constitution is rested upon the provision of § 4 of the act which continues in office the then present members of the old Board of Revenue until January, 1943, when the new act goes into effect. By this new act the old Board of Revenue was abolished. But the effective date of the new act was postponed until January, 1943, and this section was added to take care of the old Board and its membership in the meantime to the end no interruption in the proper administration of the County's affairs should follow. True such provision gave some extension to the terms of three members of the old Board, but this was a matter entirely within legislative control. The title of the act gave notice that the effective date would be fixed. It concludes, "and providing for a date when said commission shall take office." It also discloses that this Commission is in lieu of the old Board which is to be abolished, and we entertain the view that § 4 of the act is a minor subject, referable and cognate to the subject expressed in the title and that § 45 of the Constitution is not offended thereby. State v. Rogers, 107 Ala. 444, 19 So. 909, 32 L.R.A. 520; Johnson v. Robinson, 238 Ala. 568, 192 So. 412; Ballentyne v. Wickersham, 75 Ala. 533.

The ruling of the trial court is in harmony with the conclusion here reached and the decree rendered will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and LAWSON, JJ., concur.