415 So.2d 1066 (1982)
Cecil F. ADAM, et al.
v.
SHELBY COUNTY COMMISSION, et al.
80-178.
Supreme Court of Alabama.
May 14, 1982.
Rehearing Denied June 11, 1982.
James H. Weaver, Jr. and Carol J. Millican, Birmingham, for appellants.
Carl E. Johnson, Jr., Bishop, Colvin & Johnson, Birmingham, for appellees.
PER CURIAM.
This is an appeal from a summary judgment adverse to the appellants in an action in which they challenged the constitutionality of Act Number 816, Acts of Alabama 1965, Regular Session, which created the Shelby County Planning Commission. There are two issues involved:
"(1) Where a party moves for a summary judgment, can the trial court deny the motion and enter, on its own motion, a summary judgment against the movant?

*1067 "(2) Did the trial court err in rendering summary judgment for the defendants under the facts which were before the court at that time?"
The facts of this case are simple: Act 816 was enacted by the state legislature on September 2, 1965; it created the Shelby County Planning Commission. The act basically provided that the planning commission would consist of seven memberstwo to be appointed by the Board of Revenue of Shelby County, two to be appointed by the Shelby County Board of Education, two to be appointed by the Shelby County Bar Association, and one by the judge of the Circuit Court of Shelby County. Expenses were to be paid out of the general fund of Shelby County. Jurisdiction of the planning commission was to extend to all areas of the county not already affected by zoning except that certain railroad, mining, and utility operations, and buildings having a cost of $500.00 or less and certain remodeling operations were excluded from its jurisdiction. The planning commission was given general power to zone, including the power to make and maintain a master plan and to adopt zoning regulations. No beat was to be governed by the act unless a majority of the voters therein had voted to be so governed. Section 14 of the act provided for granting exceptions to zoning regulations, and Section 15 governed appeals to the circuit court from planning commission actions.
By complaint filed May 3, 1974, in the Circuit Court of Shelby County, appellants sought a declaratory judgment that Act 816 was invalid under various constitutional grounds. Pursuant to their complaint, appellants filed a motion for summary judgment. The appellants submitted a brief in support of that motion, and the appellees filed a brief in response thereto. In ruling on the appellants' motion for summary judgment, the trial judge granted judgment for the appellees. It is because of this ruling that the appellants bring this appeal.
The appellants initially contend that
"[t]he Court's ruling on Appellants' Motion for Summary Judgment, entered October 17, 1980, has two aspects; (1) The Court overruled the motion; (2) the Court decided all the legal and factual issues in favor of the Appellees (R.P. 133). The latter aspect of the judgment was in reality a summary judgment entered on the Court's own initiative, and since it was made without prior notice to the parties, it was procedurally incorrect. Hales v. First National Bank of Mobile, 380 So.2d 797 (1978)."
This assertion brings us to an issue of first impression in Alabama, to wit: When a motion for summary judgment is filed by one party, can a trial judge, on his own motion, grant summary judgment in favor of the opposing party?
Rule 56 of the Alabama Rules of Civil Procedure, dealing with summary judgments, makes no specific provision as to whether a court, upon motion of one party and without cross motion by the other party, may grant a summary judgment against the moving party and in favor of the nonmoving party.
As was stated earlier, this issue has not yet been decided in this state; it is, also, an issue on which the federal courts have not reached full agreement. [Annot., 48 A.L. R.2d 1188 (1956).] However, the clearly established majority rule with respect to Federal Rule 56 is found in Watkins Motor Lines, Inc. v. Zero Refrigerated Lines, 381 F.Supp. 363 (N.D.Ill.1974), wherein it is stated:
"The fact that defendants did not choose to file a cross-motion for summary judgment does not preclude the court from entering judgment in their favor. `If either the proponent of the claim or the defending party moves for a summary judgment, and the court finds that the moving party is not entitled thereto, but that the other party is so entitled, it would seem that the court has the power to enter the proper judgment, although a cross-motion therefor was not made. Rule 54(c) gives the court the power to enter the final judgment to which the prevailing party is entitled, even if the party has not demanded such relief in his *1068 pleadings, except in default judgment cases. The theory is that the form of the pleadings, should not place a limitation upon the power of the court to do justice. So where one party has invoked the power of the court to render a summary judgment against his adversary, it is reasonable that this invocation gives the court power to render a summary judgment for his adversary if it is clear that the case warrants that result.' 6 Moore's Federal Practice Par. 56.12 at 2241."
381 F.Supp. at 367-68. See also, Hennessey v. Federal Security Administrator, 88 F.Supp. 664 (D.Conn.1949); Carpineta v. Shields, 70 So.2d 573 (Fla.1954); Annot., 48 A.L.R.2d 1188 (1956).
We hold that the rule of law stated in Watkins Motor Lines is sound, and accordingly, we opt to follow the rule that cases construing the Federal Rules of Civil Procedure are authority for construction of the Alabama Rules of Civil Procedure. Ex Parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981). Even though it would be better practice for an opposing party to file a cross motion, under our corresponding Rule 56, we hold that in the absence of a timely and meritorious objection, there is no reason why, upon the motion of one of the parties, the court cannot dispose of the whole matter by granting a judgment to the other party if it finds that there is not a scintilla of evidence supporting the moving party's position, thus showing the non-moving party to be entitled to a judgment as a matter of law.
The case at bar, due to its nature, was particularly susceptible to this type of action by the trial court. The case presented the question of the constitutionality of a statute, and the action revolved primarily around the wording of that statute. This left little, if any, facts open to interpretation. We note also that there is nothing in the record indicating that the appellants made any objection to this ruling of the court at the trial level. See, Chestnut Hills Civic Ass'n v. Dobbins, 361 So.2d 1043 (Ala. 1978).
We now consider the second issue raised by the appellant: Did the trial court err in rendering summary judgment for the defendants under the facts that were before the court at that time?
The first contention of the appellants under this issue is that the trial court erred in finding Act 816 to be constitutional because there are material and substantial differences in Act 816 as enacted and the version of Act 816 which was published prior to its enactment.
As the appellants correctly set forth, Section 106, Constitution of Alabama, 1901, requires publication of a local act prior to its consideration by the legislature. This is in order to give affected persons notice "of the substance of the proposed law, of its characteristics and essential provisions, and of its most important features." Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74 (1968).
While Section 106 does require notice of the substance of the proposed act, the legislature has the right to shape up and work out details in the act before it is finally passed. The rule is that the legislation, when finally enacted, must not be materially and substantially different from the act as proposed by publication. State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36 (1929).
The trial judge in his "Ruling on Motion for Summary Judgment" addressed this issue as follows:
"Concerning the assertion of violation of section 106 of the Alabama Constitution, it is immaterial that the notice was given in detail and there was a variation from the notice and the act itself. The test is whether or not the deletions, additions, or modifications are materially different. That is the test in any case. It cannot be precisely defined what is or is not materially different. This must be done on a case-by-case basis, according to certain Appellate guidelines. The legislature has the right to shape up and work out details. After comparing the variations, the Court is of the opinion that none of them are material, [they] and are therefore valid."
*1069 In the case of Wilkins v. Woolf, this Court set forth the following principles which are considered when this issue is presented on appeal:
"The purpose of Section 106 is to inform all those affected by local legislation of the proposed legislation to the end that they have an opportunity to oppose such legislation if they deem it unwise. Wallace v. Board of Revenue, 140 Ala. 491, 37 So. 321.
"The requirements of Section 106 are met if the published notice advises the local public of the substance of the proposed law, of its characteristic and essential provisions, of its most important features. Section 106 does not negative the right of the legislature to shape up and work out details of local legislation. Christian v. State, 171 Ala. 52, 54 So. 1001; Gray v. Johnson, 235 Ala. 405, 179 So. 221.
....
"Another guiding principle of paramount importance is that courts seek to sustain, and not strike down, the enactments of a coordinate department of government. Every legislative act is presumed to be constitutional and every intendment is in favor of its validity. Tucker v. State, 231 Ala. 350, 165 So. 249, Gray v. Johnson, supra....
....
"While the requirements of Section 45 of our Constitution as to the limiting effect of the caption or title of an Act upon the provision of the body of the Act itself, and the limitations imposed by the published notice of an Act as required by Section 106 of our Constitution upon the provisions of the Act itself are not identical, their similarity suggests the same line of reasoning in construing them, and the requirements of both constitutional provisions should receive a broad and liberal construction and avoid so strict a construction as would hamper and embarrass legislation. Gray v. Johnson, supra."

281 Ala. at 697, 698, 208 So.2d 74.
While we do not set out the particular changes in Act 816, as published, and as subsequently enacted, suffice it to say that we have thoroughly and carefully reviewed the wording contained in both.
Appellants placed in their brief the following diagram setting forth those changes made between publication and enactment which they contend are substantial and material:

As Published, As Enacted
1. Contained no provision limiting eligibility 1. Provided that members of Planning
of qualified electors in Shelby County to Commission must reside outside corporate
serve on Planning Commission (R. P. 080) limits of any municipality. (R. P. 096)
(Sec. 2) (Sec. 2)
2. Contained no limitation upon qualified 2. Provided that only electors residing
electors who could sign petition for outside corporate limits of municipality
enabling election and vote in election. could sign petition for enabling election
(R. P. 081) (Sec. 8) and vote in election. (R. P. 099) (Sec. 8)
3. Contained no provision limiting any activity 3. Added provision excluding certain mining
or special interest group within the activities, railroads, and utilities from
County from zoning. zoning. (R. P. 098) (Sec. 6)
4. Provided that regulations adopted by 4. Provision requiring approval by County
Planning Commission be approved by governing body deleted. (R. P. 099)
county governing body. (R. P. 082) (Sec. (Sec. 9)
9)
5. Placed no limit on the type of buildings 5. Excluded certain home remodeling and
to be regulated by zoning. (R. P. 082) buildings costing under $500 from zoning
(Sec. 10) regulation. (R. P. 100) (Sec. 10)

*1070
6. Did not place any limitation upon basis of 6. Provided that appeal to Circuit Court must
appeal to Circuit Court from Planning rest upon question of unreasonable, discriminatory,
Commission ruling; provided for trial de unconstitutional or otherwise
novo. (R. P. 083, Appeals) (Sec. 15) [invalid application] of the zoning ordinance;
 eliminated provision for trial de
 novo. (R. P. 102) (Sec. 15)

The trial court incorrectly held that the variations complained of were not material, in at least two aspects: the added provision which excluded certain mining activities, railroads, and utilities from zoning, and the deletion of the provision which required approval of the county governing body.
Article IV, § 106, as amended, of the Alabama Constitution of 1901, in pertinent part provides:
"No ... local law shall be passed ... unless notice of the intention to apply therefor shall have been published ... which notice shall state the substance of the proposed law...."
As stated in Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895 (Ala.1982), this Court listed "four welldefined canons of construction." These canons are:
"(1) The `substance' means an intelligible abstract or synopsis of its material and substantial elements; (2) the substance may be sufficiently stated without stating the details subsidiary to the stated elements; (3) the Legislature may shape the details of proposed local legislation by amending bills when presented for consideration and passage; and (4) the substance of the proposed act as advertised cannot be materially changed or contradicted."
Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d at 899. See also, Parrish v. Faulk, 293 Ala. 401, 404-405, 304 So.2d 194 (1974); State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36 (1929).
This Court in Parrish v. Faulk, quoted the following from State v. Allen which offers guidance when deciding whether Section 106 has been violated:
"To accomplish these objects section 106 of the Constitution requires that the substance of the act must be published in advance. It cannot have the desired effect if the publication states details of substantive features different materially from the act as passed. If the details are not published but only the general nature of its substantive features, the public is put upon inquiry as to such details, and bound by a failure to inform itself, continuing through such changes and amendments as may stay within such substantive features as published. But if the publication gives details, the public need not pursue the inquiry further in respect to such details; for the information is complete, and it has the constitutional right to assume that such details will not be materially changed throughout the journey of the bill to its final passage and approval."
293 Ala. at 405, 304 So.2d 194.
In Birmingham-Jefferson Civic Center Authority v. Hoadley, the Legislative Electoral College, which consisted of members of the House of Representatives and the Senate of our Legislature, were to choose the Board of Directors of the Civic Center Authority. In the advertised version, the entire "Legislative Electoral College" was to vote jointly but in the enacted version the Senate and House delegations were separated with the Senate delegation to appoint five board members while the House delegation was to appoint only four board members. This Court decided that this change violated § 106 because: "The filling of directorships in the Authority is important, and the authority designated to fill those offices is a matter of substance and not merely a detail which can be changed from the authority designated in the published notice to a different authority not designated in the published notice." 414 So.2d at 900.
In Parrish v. Faulk, 293 Ala. 401, 304 So.2d 194 (1974), the advertised version provided *1071 that the office of license commissioner would be filled by an appointing board composed of three designated officials and that the term of office for the commissioner was at the pleasure of the board. The enacted version, however, provided that the office would be filled by qualified electors, presumably the voters of Houston County, and the term of office would be for a fixed term of four years. This Court considered this change to violate § 106 because:
"[T]he filling of the office of license commissioner of Houston County is important, and that the authority designated to fill the office is a matter of substance and not merely a detail which can be changed from the authority designated in the published notice to a different authority not designated in the published notice."
293 Ala. at 408, 304 So.2d 194.
In State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36 (1929), the advertised version provided that one of the judges of the municipal court was to be named judge of a new court and his successors were to be elected by the judges of the circuit court. The enacted version provided that the judge and his successors would be appointed by the Governor. This Court held that this change violated § 106 because:
"We think that both the county authorities and private citizens are directly interested in the changes referred to, and that as to such matters there is likely to be a difference of opinion. Being of this opinion, we find it necessary to declare that the act offends section 106 of the Constitution, and cannot stand."
219 Ala. at 593, 123 So. 36.
In this case, the differences between the substance of the published act and the bill which passed the Legislature are material and warrant the intervention of the judiciary to declare the statute unconstitutional. While there are six variations between the bill as published and as enacted, there are at least two which are material and, therefore, impermissible variances in violation of § 106. First, as published the proposed act contained no provision limiting any activity or special interest groups within the county from zoning, but as finally enacted it contains a provision excluding mining activities, railroads, and utilities from zoning. Secondly, the published bill provided that regulations adopted by the planning commission would be approved by the county governing body; as enacted, the provision requiring approval by the county governing body was deleted. These provisions of the act as passed by the Legislature materially changed the substance of the act. The proposed bill presented to the people gave the planning commission authority over any land use activity and guaranteed that the county government would have to approve any regulations adopted by the commission. The enacted legislation exempted certain special interests, i.e., mining, railroads, and utilities, from the jurisdiction of the planning commission and, in addition, withdrew control of the planning commission from the county governing body, which is composed of elected officials answerable to the voters of Shelby County for their actions. This is not the same bill as examined by the voters of Shelby County. Perhaps they did want some groups to have privileges that the rest of the area would not enjoy. But on the other hand perhaps the voters thought that elected officials, the county governing body, would be in a position to check any regulations adopted by the planning commission insuring that the commission would operate within the boundaries of popular demands. This act violates Art. IV, § 106.
Because of our holding on the Section 106 issue, we need not address appellants' contention that Act 816 is invalid because it violates the principles of separation of powers of government by illegally delegating legislative power to a subordinate body.
The judgment of the trial court is due to be reversed and the cause rendered.
REVERSED AND RENDERED.
TORBERT, C. J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.
*1072 MADDOX, Justice (dissenting).
I dissent on the same grounds I expressed in my dissenting opinion in Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895 (Ala.1982).
My position on the requirements of § 106 was very eloquently stated by this Court in 1906, five years after § 106 was ratified by the people as a part of our Constitution. In State ex rel. Hanna v. Tunstall, 145 Ala. 477, 40 So. 135 (1906), the Court, in great detail, defined the word "substance" which appears in § 106. Because the opinion in Hanna expresses so eloquently my own view of what the framers intended, I quote extensively from that opinion. In the quoted portion of that opinion, I emphasize certain statements of law which I think are quite significant and which I think the majority, in this case, has overlooked. In Hanna, the Court opined:
"This provision of our Constitution has been before this court several times, and, from the fact that the courts of other states having like provisions have declared that the Legislature is the sole judge as to whether the constitutional requirement has been met, we have not the benefit of the light which might have been thrown upon the subject by the adjudications of other tribunals. Said section 106 of the Constitution requires that the notice shall `state the substance of the proposed law.' In the first case in which this section came under review, this court quotes from Worcester's Dictionary the meaning of the word `substance,' to-wit, `The essential or material part; essence; abstract; compendium; meaning,' and hold that, while it is not necessary to publish the bill itself, yet the notice should contain `its essential and material parts, its essence, or an abstract, such as would give the people fair information of what it was.'Wallace v. Board of Revenue, 140 Ala. 491, 504, 37 South. 321. And in a subsequent case, in which it was held that a notice of the intention to apply for the creation of a new county was sufficient, although it did not give the boundaries, and gave a name of the proposed new county different from that which was finally adopted by the Legislature, this court stated that the `substance' of that proposed law was the establishment of a new county, by taking territory from the counties named; there was nothing misleading or deceptive in the notice; and that, if it were required to go into all those particulars, `every change made by the Legislature in fixing and defining the boundaries from that given in the notice, would be fatal to the enactment of the statute.'Law v. State, 142 Ala. 621, 38 South. 798. The Century Dictionary also defines `substance' as: `(1) That which receives modifications; essence. (2) Real or essential part; essence.' `(5) The meaning expressed by any speech, or writing; the purport'and gives the illustration from Shakespeare, `All of one nature, of one substance bred.' It also gives a further definition as `the main part' Webster's International Dictionary defines `substance' (from sub stare to stand under) as the `substratum;' second the `most important element; the characteristic and essential components, the main part; essential import;' and the great apostle gave it even a wider range when he said: `Faith is the substance of things hoped for.' As stated by the chairman of the committee, when this section was before the convention, the object in view was that the community should not `be misled as to the purpose of the law;' it was `to obviate advantage being taken of the public'

"There are other provisions in our Constitution which have the same general purpose in view, though not identical with this one. Section 61 provides that `no bill, shall be so altered, or amended, on its passage * * * as to change its original purpose.' And section 45, which requires the subject to be clearly expressed in the title, has been frequently before this court, and, while we do not wish to be understood as intimating that `purpose,' `subject,' and `substance' are synonymous, yet the object sought to be sustained in each case is the same. And *1073 in construing them we should have the same general end in view. Both our own court, and others, where there are similar constitutional provisions, have given this a broad and liberal interpretation, so as to carry out the intention of the Constitutional framers. That purpose was very aptly expressed by Chief Justice Brickell in these words: `The limitation is not excepted from the cardinal rule that it is only a clear violation of the Constitution which will justify the courts in overruling the legislative will. Every legislative act is presumed to be constitutional, and every intendment is in favor of its validity. Cooley's Const.Lim. (6th Ed.) 218. While the limitation must be so construed and applied as to avoid and suppress the mischief against which it is directed, the construction must not be strict, embarrassing legislation by making laws unnecessarily restrictive in their scope and operation.'State v. Street, et al., 117 Ala. 207, 23 South. 807. While the requirements of this section and that in regard to subject are not identical, yet their objects are, and their similarity suggests the same general line of reasoning in construing them. The title, giving the subject, may also contain the substance of the act, but does not necessarily do so. That provision requires that the title shall express the subject; this one requires that the notice shall inform the people as to what, in substance, is to be done with that subject. The word `substance' is sometimes used as the antonym of `form,' and sometimes as contradistinguished from an entire and detailed statement of matter. The substance of this act is the substitution of the county solicitor described in the notice, for the former solicitor of the city court of Anniston; the form of it might be either an amendment to a former statute, or an act, original in form, accomplishing the same purpose. We say of a political address that it was, in substance, a discussion of the tariff question, while the orator may have incidentally touched on other matters. We think that the object of the Constitution makers in using this term was to indicate that it was not necessary to go into all the details, but to inform the people substantially what changes were proposed, and not interfere with the right of the Legislature to shape it up and work out the details. Any one who has ever had any experience in legislation knows that it is next to impossible to formulate all the details of a proposed law as intelligently beforehand, as he can when he has had the benefit of a conference with the committee having the special matter in charge. Hence, this constitutional provision requires the notice to contain the substance of the proposed law. When it gets into the Legislature, that body is free to act on it, subject to the constitutional restrictions as to changing by amendment, etc., and subject to the further restriction that the substance of the act shall correspond with the notice given." (Emphasis supplied.)
The Court today reinforces the holding in Parrish v. Faulk, 293 Ala. 401, 304 So.2d 194 (1974), which follows State v. Allen, 219 Ala. 590, 123 So. 36 (1929). I dissented in Parrish v. Faulk, because I believe then, as I do now, that we unnecessarily hamper the legislature's right to work out details of local legislation in the legislative process.