To the Members of the House of Representatives State Capitol Montgomery, Alabama
Dear Representatives:
In House Resolution 86 you requested our opinion regarding H.B. 316 and a proposed amendment thereto. H.B. 316 would authorize the Jackson County Commission to fix a county fire protection tax and provide for the administration of the office of county fire marshal. You have asked our opinion regarding the following question:
Would the amendment to Section 2 of this advertised, local bill be considered a material change of the provisions of the bill as advertised, contravening the provisions of Article IV, Section 106 of the Constitution of 1901?
Alabama Constitution of 1901, Article IV, Section 106, as amended by Amendment No. 341, provides:
*452 No ... local law shall be passed .. . unless notice of the intention to apply therefor shall have been published ... which notice shall state the substance of the proposed law....
In considering Section 106, this court has developed certain rules of construction, one of which is that in adopting the act the substance of the proposed act as advertised cannot be materially changed or contradicted. Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895 (Ala.1982); Parrish v. Faulk, 293 Ala. 401, 304 So.2d 194 (1974). In our opinions, we have opined that if the published notice of the bill gives details, the public has a constitutional right to assume that such details will not be materially changed by the legislature. See, e.g., Parrish v. Faulk, supra, quoting State v. Allen, 219 Ala. 590, 123 So. 36 (1929).
Section 2 of H.B. 316 provides for the appointment of the fire marshal, and delineates his duties, which include the appointment or employment of personnel deemed necessary to carry out the provisions of the act, and which also include the authorization of expenditures for equipment, etc. The principal change brought about by the amendment is the insertion of two sentences, which state:
The Jackson County Association of Volunteer Fire Departments is hereby authorized to operate the Fire Marshal Office of Jackson County on an amount of The Fire Tax fund not to exceed 3% of the tax collected. The Jackson County Association of Volunteer Fire Departments is further authorized to establish a budget for the expenditure of the Fire Tax Funds which budget is to be passed by a 4/5ths majority of the Association Departments present.
In our opinion this insertion in no way alters or contradicts the terms of the bill as advertised, but merely presents additional details concerning the administration of the office of the fire marshal.
The other portion of the amendment deletes a portion of a sentence of the bill as advertised. The original sentence says:
The fire marshal shall also submit budgets and requisitions that have been approved by the Jackson County Association of Volunteer Fire Departments to the Jackson County Commission and must authorize all expenditures from the fire protection fund.
The amendment deletes the words “that have been approved by the Jackson County Association of Volunteer Fire Departments” from that sentence. It is our opinion that this deletion merely eliminates a redundancy caused by the insertion already discussed, which authorizes the Jackson County Association of Volunteer Fire Departments to establish a budget for the expenditure of the Fire Tax funds. As this is not a material change or contradiction, we do not feel that H.B. 316, as amended, would contravene § 106, as amended.
Respectfully submitted,
C.C. Torbert, Jr. Chief Justice
Hugh Maddox Reneau P. Almon Janie L. Shores Oscar W. Adams, Jr. Justices