PER CURIAM.
The City of Mobile appeals from a judgment declaring Mobile's annexation of adjacent unincorporated territory void. A number of residents of that territory had challenged the annexation on the ground that the act providing for a referendum on the annexation was not passed in accordance with Ala. Const., Art. IV, § 106, and Ala. Code 1975, § 11-42-6.[1] The issue is whether an amendment decreasing the area of the territory to be annexed changed the substance of the bill from the bill as it was advertised and thereby violated § 106.
In February and March 1990, two proposed annexation bills were published in Mobile newspapers. One of the bills proposed to annex both the area known as Cypress Shores and the area known as Hollinger’s Island, whereas the other bill proposed to annex only Hollinger’s Island. The entire text of both bills was published, including a detailed description of the areas subject to the annexation proposals. Both bills were introduced, but only the bill proposing to annex both areas was passed. During the legislative process, the bill was amended to delete a large portion of Hol-linger’s Island from the territory to be annexed and to provide that Mobile’s police jurisdiction and planning commission jurisdiction would not extend beyond the limits of the territory annexed. The bill as published did not contain a limitation on either the police or planning commission jurisdiction.
The bill became Act No. 90-667 (“the Act"); it authorized an annexation referendum, which was held on August 28,1990. The voters approved the annexation by a vote of 661 to 628. The voters in Cypress Shores approved the annexation by a vote of 379 to 311. The voters in the portion of Hollinger’s Island that was included in the Act voted against the annexation 317 to 282.
Section 106 of the Constitution[2] states, in pertinent part:
“No special, private, or local law shall be passed ... unless notice of the intention to apply therefor shall have been published ... in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties .... ”
This Court has had many occasions to apply § 106 and has consistently held that, if the entire text of the bill is published, a change in any material provision thereof may amount to a change in the substance of the bill so as to violate § 106. The principal case establishing this point is State ex rel. Wilkinson v. Allen, 219 Ala. 590, 592-93, 123 So. 36, 38 (1929), which states:
“To accomplish these objects section 106 of the Constitution requires that the substance of the act must be published in advance. It cannot have the desired effect if the publication states details of substantive features different materially from the act as passed. If the details are not published but only the general nature of its substantive features, the public is put upon inquiry as to such details, and bound by a failure to inform itself, continuing through such changes and amendments as may stay within such substantive features as published. But if the publication gives details, the public need not pursue the inquiry further in respect to such details; for the information is complete, and it has the constitutional right to assume that such details will not be materially changed throughout the journey of the bill to its final passage and approval. ”
(Emphasis added.) This portion of Allen has often been quoted and followed. See, e.g., Deputy Sheriffs Law Enforcement *1011 Ass’n of Mobile County v. Mobile County, 590 So.2d 239 (Ala.1991); Adam v. Shelby County Commission, 415 So.2d 1066 (Ala.1982); Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895 (Ala.1982); Parrish v. Faulk, 293 Ala. 401, 304 So.2d 194 (1974); Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74 (1968), overruled on other grounds, Tanner v. Tuscaloosa County Comm’n, 594 So.2d 1207 (Ala.1992).
The Court has also expressed the limits of this principle:
“But it is to be kept in mind that the only logical ground upon which the act can be stricken down because of amendments is that the published notice did not state the substance of the law as enacted.... So we would not be understood as saying the publication of the proposed bill in full would make a provision thereof matter of substance which would otherwise be considered mere matter of detail.”
Commissioner’s Court of Winston County v. State ex rel. County Highway Commission, 224 Ala. 247, 248, 139 So. 356, 357 (1932); Wilkins v. Woolf, supra.
The Court has considered the factual setting of an annexation act that did not include all of the territory described in the published notice of the annexation bill. In Mayor, etc. of City of Ensley v. Cohn, 149 Ala. 316, 320, 42 So. 827, 829 (1907), the Court found no violation of § 106 by an act that did not include certain railroads that were included in the published notice:
“The published notice having given the substance of the proposed law — the altering or rearranging of the boundaries of the city of Ensley — the fact that notice was also given of the proposed territorial lines, which were not followed, but were changed in the act as passed, does not invalidate the act ... since the fact remains that the notice given contained the substance of the law as enacted.”
The Court criticized Ensley, however, in First Nat’l Bank of Eutaw v. Smith, 217 Ala. 482, 485, 117 So. 38, 42 (1928):
“We have not overlooked the case of Mayor, etc., of Ensley v. Cohn, 149 Ala. 316, 42 So. 827, where it was held that the advertisement of a bill to alter municipal boundaries, which specified the boundaries proposed to be adopted, could be amended before passage by the specification of materially .different boundaries. It will suffice to say that we are convinced the law was misapplied in that case, and we are unwilling to follow it now.”
The Court in Smith held that § 106 was violated by an act appropriating the entire “gasoline fund” of Greene County to the purposes of the act, because the published notice of the bill had provided that only three-quarters of the gasoline fund would be appropriated to those purposes.
Smith ⅛ criticism of Ensley was in turn limited in Shades Valley Land Co. v. City of Homewood, 235 Ala. 462, 464, 179 So. 815, 816 (1938), on application for rehearing:
“In resting the opinion almost entirely upon the case of [Ensley ], and many cases approving same, we overlooked the more recent case of [Smith], wherein said Ensley Case was criticized. We think the criticism as to the misapplication of the law in that case went to the broad statement that, when the notice gave the details of the proposed act and not the mere general substance of same, the Legislature had the right to make any changes as to the details, whether important or material or not, in the passage of the act so long as they related to the general purpose or substance of the published notice. This was perhaps a proper statement when only the general substance was set out in the notice, but said statement was too broad when the notice set out the proposed bill in haec verba or gave the details of same. The true rule seems to have been properly stated in the case of State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36, wherein a distinction is made when the notice merely gives the general substance of the proposed bill from one which sets out the proposed bill, as was done in this case.... This case of State ex rel. Wilkinson v. Allen, supra, does *1012 permit changes from the notice provided they are not material....
“As to the present act, there was a change in the boundary lines as set out in the notice by the elimination of a small portion of the territory as described in the notice. Whether the elimination of this territory was material or not, the bill of complaint as amended fails to set out the facts which may show the importance or materiality of the change and was subject to the respondent’s demurrer.”
The net effect of these cases is that an annexation bill that is published in full may be amended to “eliminate a small portion of the territory as described in the notice” so long as that elimination[3] is not a material change in the bill as published.
In this case, it was not a “small portion” of the published area that was eliminated, but a large portion of Hollinger’s Island, approximately one-third to one-half of the area of Hollinger’s Island that had been included in the published bill. Hollinger’s Island is much larger in area than Cypress Shores, although apparently not in population. The elimination of this area clearly constitutes a material change in the bill as published. Moreover, the voters in the portion of Hollinger’s Island that was included in the Act voted against the annexation; thus, it is possible that, if a large part of Hollinger’s Island had not been eliminated from the bill as passed, the entire annexation would have been defeated in the referendum. For these reasons, the plaintiffs’ objections that the substance of the proposed bill was so altered as to violate § 106 were well taken.
Accordingly, the trial court’s judgment that the Act violated § 106 and that the annexation election therefore was void is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.

. Because we decide this case by applying § 106, we do not address the argument with regard to § 11-42-6.

. Section 106 was amended by Amendment No. 341 regarding the means of proving that proper publication of the notice has been made. The pertinent provisions quoted herein have not been changed since 1901.

. Clearly, the addition of any territory would in almost all cases be a material change, because the owners or residents of the added territory would not have received notice of the proposal to annex their land.