SHORES, Justice.
First Citizens Bank of Luverne (“First Citizens”) appeals from a summary judgment entered for the defendants, Jack’s Food Systems, Inc., et al.[1] We reverse and remand.
*375 On June 29, 1982, Richard D. Reese and Donald M. Ghareeb, as general partners in D & D Company, executed a mortgage promissory note to First Citizens. On January 20, 1984, D & D Company, Jack’s Food Systems, Inc., and Reese and Ghar-eeb, as guarantors, entered into an agreement whereby Jack’s agreed to assume the indebtedness of D & D Company. Reese and Ghareeb agreed to guarantee the performance of Jack’s. D & D further agreed that the assumption would not affect their liability under the promissory note that they had originally executed to First Citizens. D & D gave a real estate mortgage to First Citizens on certain property in Crenshaw County, Alabama.
First Citizens foreclosed on the mortgaged property. The balance due on the note at the time of foreclosure was $74,-424.59. The property was sold to the highest bidder at the foreclosure sale for $62,-000. Thereafter, First Citizens sued Jack’s, et al., seeking to recover the deficiency between the amount due on the mortgage promissory note and the amount received on foreclosure of the property. Jack’s answered by denying the indebtedness.
First Citizens filed a motion for summary judgment, supporting it by the affidavit of the president of First Citizens, John D. Harrison, in which he stated that the net proceeds from the foreclosure sale and other credit for payments made by the defendants on the indebtedness were insufficient to satisfy the original promissory note. His affidavit fixed the amount of the deficiency at $22,961.95, which included interest and attorney fees. On August 20, 1991, the Circuit Court of Jefferson County entered a summary judgment in favor of First Citizens. The trial judge stated in his order:
“Plaintiff’s motion for summary judgment is hereby GRANTED. This court is of the opinion that there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment against the defendants in the amount of $22,-961.95, plus costs.”
On September 6, 1991, Jack’s, et al., filed a motion pursuant to Rule 60(b), A.R.Civ. P., to alter, amend, or vacate the summary judgment in favor of First Citizens. The Rule 60(b) motion was supported by the affidavits of Ghareeb and Reese. In his affidavit, Ghareeb stated that the mortgaged property was appraised for $292,000 on November 21, 1984, but sold for $62,000 in the foreclosure sale. Ghareeb’s affidavit stated that, based on the appraisal, the property should have brought in excess of $100,000. Ghareeb further stated that the property was purchased at the foreclosure sale by John Weiss, a member of the board of directors of First Citizens. Ghareeb claimed that he was not notified of the foreclosure and consequently was unable to obtain any bidders.
On December 2, 1991, an oral hearing was held on the defendants’ Rule 60(b) motion. The trial court granted the defendants’ motion and entered a summary judgment, sua sponte, in favor of the defendants. The order stated:
“It is hereby Ordered, Adjudged and Decreed that the Motion to Alter, Amend or Vacate filed by the defendants [Jacks, et al.] is hereby Granted and the summary judgment heretofore entered is vacated. It is further Ordered, Adjudged and Decreed that the plaintiff [First Citizens] shall have and receive nothing of defendants and judgment is hereby rendered in favor of defendants and against plaintiff on all claims set out in the complaint.”
On December 30, 1991, First Citizens filed its own Rule 60(b) motion to alter, amend, or vacate the court’s judgment in favor of the defendants. The Court denied this motion and this appeal followed.
The plaintiff/appellant argues that the trial court erred in granting the defendants’ motion to vacate the previously entered summary judgment in its favor and in entering the summary judgment, sua sponte, in favor of the defendants.
Alabama law provides that a trial court may, upon its own initiative, enter a summary judgment pursuant to Rule 56, A.R.Civ.P. Chestnut Hills Civic Association v. Dobbins, 361 So.2d 1043 (Ala.1978); Adam v. Shelby County Commission, 415 *376 So.2d 1066 (Ala.1982). In Adam, this Court said:
“[T]he clearly established majority rule with respect to Federal Rule 56 is found in Watkins Motor Lines, Inc. v. Zero Refrigerated Lines, 381 F.Supp. 363 (N.D.Ill.1974), wherein it is stated:
“ ‘The fact that defendants did not choose to file a cross-motion for summary judgment does not preclude the court from entering judgment in their favor. “If either the proponent of the claim or the defending party moves for a summary judgment, and the court finds that the moving party is not entitled thereto, but that the other party is so entitled, it would seem that the court has the power to enter the proper judgment, although a cross-motion therefor was not made. Rule 54(c) gives the court the power to enter a final judgment to which the prevailing party is entitled, even if the party has not demanded such relief in his pleadings, except in default judgment cases. The theory is that the form of the pleadings should not place a limitation upon the power of the court to do justice. So where one party has invoked the power of the court to render a summary judgment against his adversary, it is reasonable that this invocation gives the court power to render a summary judgment for his adversary if it is clear that the case warrants that result.” 6 Moore’s Federal Practice Par. 56.12 at 2241.’
“381 F.Supp. at 367-68. See also, Hennessey v. Federal Security Administrator, 88 F.Supp. 664 (D.Conn.1949); Carpineta v. Shields, 70 So.2d 573 (Fla.1954); Annot., 48 A.L.R.2d 1188 (1956).
“We hold that the rule of law stated in Watkins Motor Lines is sound, and accordingly, we opt to follow the rule that cases construing the Federal Rules of Civil Procedure are authority for construction of the Alabama Rules of Civil Procedure. Ex Parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981). Even though it would be better practice for an opposing party to file a cross motion, under our corresponding Rule 56, we hold that in the absence of a timely and meritorious objection, there is no reason why, upon the motion of one of the parties, the court cannot dispose of the whole matter by granting a judgment to the other party if it finds that there is not a scintilla of evidence[2] supporting the moving party’s position, thus showing the non-moving party to be entitled to a judgment as a matter of law.”
415 So.2d at 1067-68.
These authorities, however, are applicable where there are no genuine issues of material fact and where only questions of law are presented. That is not the case here. The evidence offered in support of the motion to alter, amend, or vacate the summary judgment previously entered by the court raises issues of material fact with respect to the right of the plaintiff to a deficiency judgment against the defendants. Inferences from that evidence raise issues of material fact with regard to the regularity of the foreclosure sale. The defendants make factual assertions in direct conflict with those made in support of the plaintiff’s motion for summary judgment.
We hold that the trial court did not err in granting the defendants’ motion to alter, amend, or vacate the previously entered summary judgment in favor of the plaintiff, but it did err in entering the summary judgment in favor of the defendants. On the record before us, it is not clear that either side is entitled to a judgment as a matter of law. Factual disputes exist that require a trial. Accordingly, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. On February 11, 1991, First Citizens Bank of Luverne filed a complaint in the Circuit Court of Crenshaw County, against Jack's Food Sys-terns, Inc., D & D Company, Donald M. Ghar-eeb, and Richard D. Reese.

. Rule 56 is read in conjunction with the "substantial evidence rule" (S 12-21-12, Code 1975), for actions filed after June 11, 1987.