PER CURIAM.
These consolidated appeals involve the question of the constitutionality of Act No. 93-927, Ala.Acts 1993, which modified rules controlling participation in the General Retirement System for Employees of Jefferson County (hereinafter referred to as the “Retirement System”). Plaintiffs/intervenors Howard Wayne Lowe and other Jefferson County sheriff’s deputies (“the deputies”) appeal from the summary judgment in favor of the Jefferson County Employees Association (hereinafter referred to as the “Employees Association”), the Pension Board of the General Retirement System for Employees of Jefferson County (hereinafter referred to as the “Pension Board”), and the Jefferson County Commission (hereinafter referred to as the “County Commission”).
I.
The Retirement System was established in 1965 by Act 497. When the Retirement System was established, membership in the System was optional. Currently, membership is mandatory for all “classified employees” and is optional for “unclassified employees.” Classified employees are those employees subject to the county’s civil service system, while unclassified employees are those employees not subject to it. The Retirement System is funded by employee contributions withheld from salaries, matching contributions from the County Commission, and investment earnings. Members become “vested” in the System after 10 years of membership and, upon retirement, the amount of their pensions is determined by use of a formula by which certain fractions are multiplied by the member’s “basic average salary.”
In 1978, a large number of sheriffs deputies voluntarily terminated their membership in the Retirement System and joined the Alabama Peace Officers Annuity and Benefit Fund. Although Act No. 497, Ala.Acts 1965, specifically prohibited individuals who have terminated their membership in the Retirement System from rejoining, a number of individuals requested an opportunity to rejoin the System. In 1986, Act 86-706, Ala. Acts 1986, was enacted to allow those nonmembers a one-time opportunity to rejoin the System as new members without credit for the time they were not members. Thus, Act 86-706 did not allow a rejoining member to pay a fee to convert prior service for which he or she had not paid into the Retirement System (“unpaid service”) into “paid service” in the System. A number of the sheriffs deputies who had previously terminated their membership in the Retirement System rejoined the System under the terms allowed by Act 86-706.
Act 93-927, Ala.Acts 1993, was passed during the 1993 regular session of the legislature and was approved by the Governor on September 2, 1993. Act 93-927 would allow any classified employee or elected official of Jefferson County, but not unclassified employees, an opportunity to join the Retirement System at any time before retirement and, by paying a fee, to convert his or her “unpaid service” into “paid service.” Thus, the Act would apply to the deputies and any other classified employees who had previously terminated their membership in the Retirement System, but had not rejoined in 1986, and would provide them a continuing option of rejoining the System. Moreover, under the Act, the deputies and other classified employees could convert prior “unpaid service” into “paid service” by paying the System an amount equal to the contributions they would have made for the period of service they wished to convert, either by a lump sum or installments. The Act would then require Jefferson County to make matching contributions to the Retirement System equal to the sum the employee paid for conversion. Thus, Act 93-927 is much more generous to nonmember employees wishing to rejoin the System than was the supposed one-time-only opportunity provided by Act 86-706.
On October 4,1993, the Employees Association sued the Pension Board and the County Commission, challenging the constitutionality of Act 93-927 and requesting an injunction prohibiting the Pension Board from implementing the Act. The attorney general was also served with a copy of the complaint. On October 12, 1993, the deputies moved to intervene in the action. On October 14, the deputies petitioned the circuit court for a *197 writ of mandamus directing the Pension Board to implement the Act. The two cases were later consolidated, and on January 26, 1994, the Employees Association moved for a summary judgment. The Pension Board and the County Commission later joined in the summary judgment motion on the side of the Employees Association. The deputies opposed the motion. On October 4, 1994, the trial court entered a summary judgment, declaring that Act 93-927 is void on the basis that it violates § 45 and § 106 of the Alabama Constitution of 1901 and the Fourteenth Amendment of the United States Constitution. The court permanently enjoined the Pension Board from implementing the Act. The deputies appeal from that judgment.
II.
“In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact” and whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a pri-ma facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). However, in this ease, there is no question as to any material fact. Thus, we focus solely on whether the trial court correctly entered the judgment in favor of the Employees Association, the Pension Board, and the County Commission as a matter of law.
III.
The trial court ruled that Act 93-927 violated § 106, Alabama Constitution of 1901. In relevant part, § 106 reads:
“No ... local law shall be passed ... unless notice of the intention to apply therefor shall have been published ... in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law .... ”
(Emphasis added.) It is uneontested that Act 93-927, relating solely to the General Retirement System for Employees of Jefferson County, is a local law. Accordingly, the Act is void if the notice requirement of § 106 was not met.
The public notice of the proposed Act reads:
“A BILL
TO BE ENTITLED
AN ACT
“Prescribing procedures for converting prior service to creditable service in the General Retirement System for employees of Jefferson County as established by Act No. 497 of the 1965 Regular Session of the Legislature, providing for the payment for converting the prior service, and providing a delayed effective date.”
The trial court ruled that this notice did not meet the requirements of § 106, because, it said, “the published notice is so lacking in detail as not to be an intelligible abstract or synopsis of Act 93-927’s material elements.” In reviewing that ruling, we take guidance from the following cases discussing the meaning of the public notice requirement.
In Wallace v. Board of Revenue of Jefferson County, 140 Ala. 491, 37 So. 321 (1903), this Court explained the purpose behind the notice requirement of § 106 of the then recently adopted Alabama Constitution of 1901:
“It was always supposed that the people to be immediately affected by. local legislation, ought to have notice of an intention on the part of any one desiring to apply to the legislature for such legislation, which was often sought for private and improper ends, and not for the good of the people at large. Any notice, therefore, which falls short of advising the public of the substance of such legislation, would be deceptive or misleading, depriving those opposed to it, of a fair opportunity to protest against and oppose its enactment.”
140 Ala. at 502, 37 So. at 323. See Deputy Sheriffs Law Enforcement Association of Mobile County v. Mobile County, 590 So.2d *198 239 (Ala.1991), and Jefferson County v. Braswell, 407 So.2d 115 (Ala.1981).
The Employees Association, the Pension Board, and the County Commission allege that material elements of the legislation were purposefully withheld from the public notice as part of a plan to prevent opposition to a “windfall of benefits” that they contend the Act provides to certain nonmembers of the Retirement System. Although we take note of this allegation, the record contains no evidence of an illicit scheme regarding the content of the public notice of Act 93-927. Thus, we focus solely on the question of law before us.
In Wallace, supra, this Court explained what was meant by the requirement that the substance of the proposed local law be published in advance. The Court stated: “The word ‘substance’ as employed in the section cannot be said to be synonymous with ‘subject’ or mere purpose. It means ‘the essential or material part, essence, abstract, compendium, meaning.’ ” 140 Ala. at 502, 37 So. at 323. Thereafter, in State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36 (1929), this Court noted that the case law had established four canons for interpreting § 106. The first of those canons was that the substance of the proposed local law “is not merely the subject of it, but an intelligible synopsis of its material and substantial elements.” 219 Ala. at 591, 123 So. at 37.
In Gray v. Johnson, 235 Ala. 405, 179 So. 221 (1938), this Court commented on the meaning of the opinions it had written regarding the application of the notice requirement of § 106 to local law, since the adoption of the constitution:
“These authorities, in so far as they relate to the application of section 106 of the Constitution, are helpful as illustrative of the general rule by which the court is to be guided, but they serve as illustrations only. Each case must depend upon its own peculiar status; or as otherwise stated in Commissioner’s Court of Winston County v. State, [224 Ala. 247, 139 So. 356 (1932) ]; ‘The application of this rule must turn much upon the act in question.’ For in each case the decision must turn upon the ‘appraisal of the elemental and substantial features on one hand, and of the subsidiary and nonsubstantial on the other.’ First National Bank v. Smith, [217 Ala. 482, 117 So. 38 (1928) ].”
235 Ala. at 408, 179 So. at 224 (emphasis added).
More recently, in Phalen v. Birmingham Racing Comm’n, 481 So.2d 1108, 1119 (Ala.1985), this Court further explained:
“The public notice need not state all the details of the bill, and need not set forth the bill in its entirety. The notice need only state an intelligible abstract or synopsis of the bill’s material and substantive elements, leaving the legislature free to shape and improve the details of the proposed bill during the legislative process. The rule is that the legislation, when finally enacted, must not be materially and substantially different.”
(Citations omitted; emphasis added.) In other words, although the published notice must provide the public with a summary of the material elements of the proposed local law, the notice need not publish the details of the proposed legislation; otherwise, the legislature would then be bound by those details, because the legislation as passed must not materially vary from the content of the public notice. Opinion of the Justices No. 302, 433 So.2d 451 (Ala.1983); Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895 (Ala.1982). Thus, because the legislature is bound by any specific details of the proposed legislation provided in the notice, such details are not required by § 106; if they were required, then the legislative process of compromise and amendment would be unreasonably restricted. Phalen, supra; Braswell, supra. See Parton v. Wood, 243 Ala. 407, 9 So.2d 265 (1942).
IV.
However, this is not a case where the proponents of Act 93-927 can argue that those claiming the public notice was insufficient are merely complaining that the details of the legislation were left out of the notice. After comparing the text of the public notice with the text of the Act, we conclude that the notice was not an intelligible synopsis of the *199 material and substantive elements of the legislation.
The Employees Association, the Pension Board, and the County Commission argue that Act 93-927 contains 13 material changes to the rules governing the Retirement System that should have been summarized in the public notice. We conclude that the public notice failed to provide an intelligible abstract or synopsis of at least two substantial material provisions of Act 93-927; that failure caused the notice to violate § 106 of the Alabama Constitution.
Perhaps the most significant element of the Act is that § 1(b) allows classified employees, such as the deputies, and elected officials who are not members of the Retirement System an opportunity to rejoin the System at any time before retirement. That section of Act 93-927 states, in part: “Any classified employee or elected official, who at any time withdrew his or her contributions, may exercise the right to rejoin the General Retirement System for Employees of Jefferson County and purchase prior service in the system at any time prior to his or her retirement.” (Emphasis added.) The published notice for this legislation makes no mention of the opportunity for some employees to rejoin the Retirement System. It notes only that the legislation will set the procedures for “converting prior [unpaid] service to creditable [paid] service” in the Retirement System. (Emphasis added.)
Given that Act 65-497 prohibited individuals who had terminated their membership in the Retirement System from rejoining the System and that Act 86-706 allowed a onetime-only opportunity to rejoin the System, but did not allow the conversion of prior “unpaid service” to “paid service”, a reasonable reading of the public notice would merely lead an interested party to believe the proposed legislation would change the System’s' rules to allow those members who had rejoined under Act 86-706 a chance to convert prior “unpaid service” to “paid service.” The published notice for Act 93-927 does not inform the public that the proposed law would allow certain nonmembers of the Retirement System another opportunity to rejoin the System.
We conclude that § 1(b) of Act 93-927 represents a substantial change in the rules governing the Retirement System and that that change should have been summarized in the public notice of the proposed legislation. The published notice should have made the public aware that the proposed legislation would allow certain employees who had previously terminated their membership in the System a continuing opportunity to rejoin the System.
A second portion of Act 93-927 that we find to be a substantial material provision that should have been summarized in the public notice of the proposed legislation is § 1(d), which significantly modifies the formula for determining the employee’s pension benefit as it relates to the years of “unpaid service” not converted to “paid service” by the rejoining employee. The Retirement System’s pension benefit formula factors in three periods of a member’s employment: (1) years of “unpaid service,” (2) years of “paid service,” up to 30 years, and (3) years of “paid service” in excess of 30 years. Under the existing rules, the pension benefit formula relating to a member’s years of “unpaid service” involves multiplying the employee’s “basic average salary” for those years by five-eighths of one percent.
However, § 1(d) of Act 93-927 reads, in part: “If the employee does not convert all prior [unpaid] service to creditable [paid] service, the employee shall receive unpaid service credit for unpaid years at the rate of one and one-eighth percent of his or her basic average salary_” (Emphasis added.) It is clear that this section nearly doubles a portion of the Retirement System’s formula for determining a member’s pension and provides a substantial increase in pension benefits to rejoining members above that provided to existing members of the System. Thus, § 1(d) of Act 93-927 represents a substantial change in the rules governing the System; that change should have been summarized in the public notice of the proposed legislation. The published notice should have made the public aware that the proposed legislation would favorably modify the pension benefit formula for those members who would rejoin the Retirement Sys *200 tem after having previously terminated their membership.
In sum, we conclude that the public notice for Act 98-927 was not an intelligible abstract or synopsis of its material and substantive elements. Thus, in accord with the requirements of § 106, Alabama Constitution of 1901, we hold that the trial court correctly entered the summary judgment in favor of the Employees Association, the Pension Board, and the County Commission, on the holding that Act 93-927 is void and properly enjoined the Pension Board from implementing it. Having held that the Act violates § 106, we pretermit discussion of whether the trial court correctly ruled that the Act is void for other reasons.
We affirm the judgment of the trial court.
AFFIRMED.
ALMON, SHORES, INGRAM, and BUTTS, JJ., concur.
HOUSTON, J., concurs specially.
MADDOX, J., dissents.