HOUSTON, Justice.
The City of Tuscaloosa appeals from a judgment declaring void its annexation of adjacent unincorporated territory. The owners of several businesses operating within that territory had challenged the annexation on the ground that the act providing for the annexation (Act No. 93-708, Ala.Acts 1993) was not passed in accordance with Art. IV, § 106, Alabama Constitution of 1901, as amended by Amendment No. 341. Relying on City of Mobile v. Aborady, 600 So.2d 1009 (Ala.1992), the trial court ruled that a legislative amendment decreasing the area of the territory to be annexed from 411.23 acres to 296.36 acres (a decrease of approximately 28%) changed the substance of the bill from the bill as it was advertised and thereby violated § 106. We reverse and remand.
The pertinent portion of § 106 provides:
“No special, private, or local law shall be passed ... unless notice of the intention to apply therefor shall have been published ... in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties_”
In Deputy Sheriffs Law Enforcement Association of Mobile County v. Mobile County, 590 So.2d 239, 241-42 (Ala.1991), this Court noted:
“The clear requirement of § 106, then, is that prior to the introduction of a local bill in the legislature, the text of the bill must be published or advertised in the affected county or counties.
“The purpose of this notice requirement is threefold. One purpose is to inform all persons affected by the local law, thus giving them an opportunity to voice their opposition. Wilkins v. Woolf, 281 Ala. 693, 697, 208 So.2d 74, 77 (1968). Another purpose is to prevent deception of persons immediately affected. Jefferson County v. Braswell, 407 So.2d 115, 118 (Ala.1981). A final purpose is to prevent the community involved from being misled as to the law’s purpose, and thus to prevent a fraud on the public. Adam v. Shelby County Commission, 415 So.2d 1066, 1072 (Ala.1982) (Maddox, J., dissenting).
“The law is that an advertisement of a bill will satisfy § 106 if it advises local persons of the bill’s substance, ‘its characteristic and essential provisions,’ or ‘its most important features.’ Wilkins, 281 Ala. at 697, 208 So.2d at 77. ‘Substance’ is defined as ‘ “an intelligible abstract or synopsis of [a bill’s] material and substantial elements.” ’ Phalen v. Birmingham Racing Commission, 481 So.2d 1108, 1119 (Ala.1985), citing Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895, 899 (Ala.1982). Two other principles are applicable: 1) ‘the substance may be sufficiently stated without stating the details subsidiary to the stated elements’; and 2) ‘the legislature may shape the details of proposed local legislation by amending bills when presented for consideration and passage.’ Hoadley, 414 So.2d at 899.
“The material variance rule has been described in different ways. In Phalen, this Court said that, upon comparing the law as enacted and the bill as advertised there must be no material or substantial *33 differences. Phalen, 481 So.2d at 1119. Stating it differently, this Court has held that if upon comparing the enacted law and the advertised bill one finds material or substantial differences, then the entire law must be declared invalid. Calhoun County v. Morgan, 258 Ala. 352, 62 So.2d 457 (1952). The logical inquiry, then, is what is a material or substantial difference? That is, what is a material variance?
“Our examination of . the older ease law in this area suggests that the material variance rule was once rather strictly applied. The clear trend of our modern cases seems to be to uphold legislation, rather than strike it down because of a finding that there was a material variance. See Phalen, 481 So.2d at 1119-22; and Opinion of the Justices No. 303, 435 So.2d 731, 733 (Ala.1983). In fact, the modern ease law reveals only three variances deemed important enough to be labeled ‘material’: 1) the deletion or omission of a publicized approval mechanism, Adam, 415 So.2d at 1070; 2) the limitation on or exclusion of normally permissible activities not mentioned in the advertisement, Adam, 415 So.2d at 1070; and 3) any change in the advertised power to fill vacancies on newly created agencies or commissions, Parrish v. Faulk, 293 Ala. 401, 304 So.2d 194 (1974), and Hoadley, 414 So.2d at 900.
“To these three variances we would add another following logically from the ‘substance’ requirement discussed previously. If an advertisement is so lacking in detail as not to be an ‘intelligible abstract or synopsis of the bill’s material elements,’ Phalen, 481 So.2d at 1119, then logically the enacted law will materially vary from the advertisement.”
(Emphasis original.)
Six and one-half months later, this Court, in City of Mobile v. Aborady, supra, was presented the issue whether a legislative amendment decreasing the area of certain territory to be annexed by the City of Mobile changed the substance of the bill from the bill as it was advertised and thereby violated § 106. The facts, as stated by the Court, were these:
“In February or March 1990, two proposed annexation bills were published in Mobile newspapers. One of the bills proposed to annex both the area known as Cypress Shores and the area known as Hollinger’s Island, whereas the other bill proposed to annex only Hollinger’s Island. The entire text of both bills was published, including a detailed description of the areas subject to the annexation proposals. Both bills were introduced, but only the bill proposing to annex both areas was passed. During the legislative process, the bill was amended to delete a large portion of Hollinger’s Island from the territory to be annexed and to provide that Mobile’s police jurisdiction and planning commission jurisdiction would not extend beyond the limits of the territory annexed. The bill as published did not contain a limitation on either the police or planning commission jurisdiction.
“The bill became Act No. 90-667 (‘the Act’); it authorized an annexation referendum, which was held on August 28, 1990. The voters approved the annexation by a vote of 661 to 628. The voters in Cypress Shores approved the annexation by a vote of 379 to 311. The voters in the portion of Hollinger’s Island that was included in the Act voted against the annexation 317 to 282.”
600 So.2d at 1010.
After surveying a number of cases dealing with § 106, this Court held:
“The net effect of [the eases discussed in the opinion] is that an annexation bill that is published in full may be amended to ‘eliminate a small portion of the territory as described in the notice’ so long as that elimination is not a material change in the bill as published.
“In this case, it was not a ‘small portion’ of the published area that was eliminated, but a large portion of Hollinger’s Island, approximately one-third to one-half of the area of Hollinger’s Island that had been included in the published bill. Hollinger’s Island is much larger in area than Cypress Shores, although apparently not in popula *34 tion. The elimination of this area clearly constitutes a material change in the bill as published. Moreover, the voters in the portion of Hollinger’s Island that was included in the act voted against the annexation; thus, it is possible that, if a large part of Hollinger’s Island had not been eliminated from the bill as passed, the entire annexation would have been defeated in the referendum. For these reasons, the plaintiffs objections that the substance of the proposed bill was so altered as to violate § 106 were well taken.”
600 So.2d at 1012.
More recently in Lowe v. Pension Board of the General Retirement System for Employees of Jefferson County, 665 So.2d 195 (Ala.1995), this Court held that Act No. 93-927, Ala.Acts 1993, had been enacted in violation of § 106. That Act modified the rules controlling participation in the General Retirement System for Employees of Jefferson County. In doing so, this Court, in dicta, stated:
“[AJlthough the published notice must provide the public with a summary of the material elements of the proposed local law, the notice need not publish the details of the proposed legislation; otherwise, the legislature would then be bound by those details, because the legislation as passed must not materially vary from the content of the public notice. Opinion of the Justices No. 302, 433 So.2d 451 (Ala.1983); Birmingham-Jefferson Civic Center Authority v. Hoadley, 414 So.2d 895 (Ala.1982). Thus, because the legislature is bound by any specific details of the proposed legislation provided in the notice, such details are not required by § 106; if they were required, then the legislative process of compromise and amendment would be unreasonably restricted. Phalen [v. Birmingham Racing Comm’n, 481 So.2d 1108 (Ala.1985) ]; [Jefferson County v. Braswell, 407 So.2d 115 (Ala.1981)]. See Parton v. Wood, 243 Ala. 407, 9 So.2d 265 (1942).”
After reexamining the eases cited above, and after reviewing the briefs and the record in the present case, we have concluded that an annexation bill, whether notice of it has been published in summary or in detailed form, that does not provide for a referendum on a proposed annexation, may be amended by the legislature to eliminate a portion of the territory as described in the notice without violating § 106. The stated purposes underlying § 106 basically fold into one — to give citizens notice of what the legislature will be considering. The notice in the present case informed the public that certain land, including that owned by the plaintiffs, was under consideration for annexation by the City of Tuscaloosa. The amendment to the bill reducing the territory to be annexed no doubt resulted from citizen involvement in the legislative process; therefore, we conclude that the primary purpose of § 106 was accomplished.
We recognize that our conclusion in this regard may be viewed as being inconsistent with this Court’s holding in City of Mobile v. Aborady, supra, that the determination as to the materiality of the legislative change in a bill hinges on the quantity of territory legislatively deleted from the bill. We also recognize that our conclusion appears to be inconsistent with this Court’s dicta in Lowe, supra, suggesting that the legislature is unalterably bound by a published, detailed description of territory proposed to be annexed. Therefore, because we fail to see the logic in trying to determine whether the legislature’s elimination of one-half, one-third, one-fourth, etc., of the territory from a bill, as published, constitutes a material change in the bill so as to violate § 106, we overrule the holding in City of Mobile v. Aborady and the dicta in Lowe, to the extent that they authorize or support the use of such a quantitative analysis in eases involving § 106 challenges to annexation bills. We hasten to note, however, that the result in each of those cases was correct. Our primary concern in City of Mobile v. Aborady was that citizen involvement in the legislative process could have been reduced by the referendum provision in the bill. In other words, there was a very real possibility that many of those who would have been affected by the annexation did not participate in the legislative amendment process, believing instead that the affected voters would reject the annexation in the forth *35 coming referendum. This reliance on the referendum process could have been skewed, however, because a part of the territory to be annexed (part of Hollinger’s Island) was eliminated from the bill. In Lowe, we held that the enactment of Act No. 93-927, Ala. Acts 1993, violated § 106; because the bill, as published, was not an intelligible synopsis of the material and substantive elements of the legislation.
For the foregoing reasons, the judgment declaring Act No. 93-708 unconstitutional, as having been enacted in violation of § 106, is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHORES, INGRAM, and COOK, JJ., concur.
MADDOX, J., concurs in the result.